# EXHIBIT G

1  Alan R. Jampol (053815)
   JAMPOL LAW APC
2  1801 Century Park East, 25th Floor
   Los Angeles, CA 90067
3  (310) 556 – 9678 Office
   (310) 614-4149 Cell
4  Email: alan@jampol-law.com

5  Attorneys for Plaintiffs Stephan Dean and
   Liza Dean Individually and dba SureFile
6  Filing Systems

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHAN DEAN AND LIZA DEAN INDIVIDUALLY AND DBA SUREFILE FILING SYSTEMS,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; DOES 1-50 INCLUSIVE<br><br>Defendants. | Case No: 5:22-CV-00278-MCS-KKx<br><br>**DECLARATION OF ALAN R. JAMPOL IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS AND COUNTERDEFENDANTS**<br><br>Hearing:<br>Date:      June 13, 2022<br>Time:      9:00 AM<br>Courtroom: 7C |

I, Alan R. Jampol, declare:

1. I am the principal of Jampol Law APC and counsel for Plaintiffs and Counterdefendants Stephan Dean and Liza Dean ("the Deans") in this action. I have personal and firsthand knowledge of all facts set forth in this declaration unless stated otherwise (and as to them, I believe them to be true), and if called as a witness, I would and could testify competently thereto.

**Notice to the Clients and their Consent to Withdrawal**

2. For several weeks prior to May 4, 2022, I discussed with Stephan Dean extensively and in great detail my intent to shortly seek the Court's permission to withdraw as the Deans' counsel. I explained, and the Deans (through Stephan

1  Dean) assured me that they understood, the nature and consequences of my
2  withdrawal and were satisfied that they could and would represent themselves in
3  pro se for the remainder of the matter. They have no objection to my withdrawal
4  and have consented to it, as reflected in the Deans' signature, on April 26, 2022, of
5  the form Request for Approval of Substitution or Withdrawal of Counsel, which
6  was filed with the Court as ECF No. 42, They will be present in court at the hearing
7  on this motion and if required can confirm their consent.

3. On May 4, 2022, at the direction of the Court, I formally notified the Deans and Kaiser' counsel by email of the Court's order of that date and my intent to seek the Court's permission to withdraw as counsel for the Deans. No opposition or objection to this notification was received. I am concurrently sending to the Deans copies of this motion and all of the moving papers.

4. I have carefully discussed with Stephan Dean what was required of the Deans in the immediate future (including compliance with F.R.Civ.P. Rules 16 and 26). I supplied Mr. Dean with a copy of the Court's Standing Order (ECF No. 8) and told him where and how to access the Local Rules and the Federal Rules of Civil Procedure. I will also assist the Deans in complying with their obligations under F.R.Civ.P. 16 and 26 while I continue to represent them.

5. The Deans have experience in representing themselves in significant civil litigation against Kaiser. In the 2012 lawsuit Kaiser brought against the Deans, the Deans, representing themselves, prepared, filed, and won a summary judgment against Kaiser and secured a dismissal of the action with prejudice. See Exhibits 1 and 2 to the Deans' Request for Judicial Notice in opposition to the anti-SLAPP motion (ECF No. 20-1). They are familiar with court rules generally and are adept at legal research.

**Defendants/Counterclaimants do not Oppose this Motion**

6. On May 9, 2022, I asked John F. Burns, counsel for Defendants and Counterdefendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation

- 2 -
DECLARATION OF ALAN R. JAMPOL IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Hospital (collectively "Kaiser") by email whether Kaiser would oppose my motion for permission to withdraw. On that day, Mr. Burns responded by email that Kaiser had no opposition to this motion.

### No Intent to Waive the Deans' Attorney-Client Privilege

7. In this kind of motion, it is often difficult to explain the situation to the Court without risking some impingement upon, or even waiver of, the attorney-client privilege of the client. The privilege belongs to the Deans, not to me, and nothing herein should be deemed or considered to be a waiver of that privilege. Nothing herein was reviewed by the Deans prior to filing.

### The Failure of the Deans to Advance and Pay Costs and the Financial Hardship of Continued Representation of the Deans

8. My agreement with the Deans is based upon a contingent fee, so I do not get paid anything unless the Deans actually recover something. The agreement provides, among other things, that (i) I will not advance or pay any out-of-pocket costs – the Deans must advance or pay those, and (ii) I will not represent the Deans in any appeal.

9. The agreement was premised on the Deans' expectation that Kaiser would be willing to pay money to the Deans in order to settle the lawsuit and thereby eliminate the Deans' claimed rights. There was little chance that the Deans would recover something from their affirmative claims, which were asserted mainly for the declaratory relief aspect to obtain a court determination of the Deans' rights under the settlement agreement. The amount of any actual damages would be difficult to prove, which is one reason that the damage claims were dismissed without prejudice (not because of any lack of confidence in their legal merit).

10. I have to date done more than $60,000 worth of work at my normal hourly rate of $500, and much more will be necessary. The Deans have no affirmative claims (which were dismissed), and (ii) there is no possibility of a settlement whereby Kaiser pays the Deans anything (I was recently told this unequivocally by John

- 3 -
DECLARATION OF ALAN R. JAMPOL IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Burns, Kaiser's counsel in this action). Thus, I will never be paid for any further work in this case. I am a solo practitioner without associates or paralegals, so the continued need to provide extensive legal services to the Deans without any reasonable hope of payment creates unreasonable financial and psychological pressure on me and makes continued representation unreasonably difficult.

11. There are several thousand dollars in out-of-pocket costs that the Deans are obligated to advance and which they have not paid because they cannot afford to do so. To adequately defend the motions filed by Kaiser, I advanced certain costs, the total of which is more than $4,000. There are costs that must be incurred in defense of the case that the Deans cannot pay. Since I have no obligation to advance them, this failure by the Deans undercuts my efforts and is directly contrary to my strong recommendations and the agreement. This makes defense of the counterclaim unreasonably difficult.

### Withdrawal will not Cause any Delay in the Case

12. My withdrawal will not delay or affect the trial in this action or the general progress of the case. No trial has been set; no discovery has been done; no schedule has been issued (we are just now over the pleading stage). The Deans will be present in the courtroom, and because the hearing on this motion is scheduled for the same time as the scheduling conference, the Deans can personally participate in scheduling.

 I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 10, 2022 at Los Angeles, California.

_____
Alan R. Jampol

- 4 -
DECLARATION OF ALAN R. JAMPOL IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL