# EXHIBIT P

# EXHIBIT P

Case 5:22-cv-00278-MCS-kk   Document 93   Filed 03/14/23   Page 1 of 6   Page ID #:1838

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 22-278-MCS (KKx) | Date: | March 14, 2023 |
|---|---|---|---|
| Title: | *Stephan Dean, et al. v. Kaiser Foundation Health Plan, Inc., et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| RACHEL MAURICE | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting in Part and Denying in Part Counter-Claimant's Ex Parte Application to Compel Discovery Responses [Dkt. 88]

## I. INTRODUCTION

On March 10, 2023, Counter-Claimant Kaiser Foundation Health Plan, Inc. ("Kaiser") filed an Ex Parte Application ("Application") seeking (a) to compel Counter-Defendants Stephan Dean and Liza Dean (the "Deans") to provide further responses to Kaiser's Interrogatories and Requests for Production, (b) an order that Kaiser's Requests for Admission be deemed admitted, and (c) an award of Kaiser's attorney's fees incurred in bringing the instant Application. ECF Docket No. ("Dkt.") 88. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Kaiser's Application.

## II. BACKGROUND

On December 17, 2021, the Deans filed a Complaint against Kaiser in the Superior Court of the State of California, County of Riverside, for breach of contract. Dkt. 1-1. On February 14, 2022, Kaiser removed the action to this Court. Dkt. 1. On March 8, 2022, Kaiser filed an Answer to the Complaint and Counter-Claims against the Deans. Dkt. 22.

On March 29, 2022, the Court dismissed the Deans' claims against Kaiser. Dkt. 31. On April 19, 2022, the Court granted Kaiser's Motion for Preliminary Injunction against the Deans. Dkt. 37.

On June 13, 2022, the Court issued a Scheduling Order setting a non-expert discovery cut-off on December 30, 2022 and a bench trial for May 16, 2023. Dkt. 59. The Court ordered that "written discovery must be served, and depositions must begin, sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge via motion practice responses deemed to be deficient." Id. at 4.

On November 22, 2022, the Court granted partial summary judgment in Kaiser's favor, leaving the following issues for trial: (i) damages attributable to the Deans' trademark infringement and dilution, (ii) damages attributable to the Deans' breach of their obligation to protect patients' health information, and (iii) the availability of specific performance and/or permanent injunctive relief on Kaiser's breach of contract claim. Dkt. 81. As relevant here, the Court rejected the Deans' argument that the parties' 2011 settlement agreement released all claims "past, present, and future" relating to Kaiser's trademarks, which were "in no way related" to the subject of the dispute that was settled by the 2011 settlement agreement. Id. at 6-10.

On December 7, 2022, the Court granted the parties' Joint Motion to Amend Discovery Plan and Trial Schedule and continued the non-expert discovery cut-off to March 31, 2023 and bench trial to August 15, 2023. Dkt. 84.

On February 7, 2023, Kaiser served Interrogatories, Requests for Production, and Requests for Admission on the Deans. Dkt. 88-2, Declaration of John Burns ("Burns Decl."), ¶ 7, Exs. E, F. G.

On February 28, 2023, Mr. Dean emailed Kaiser's counsel stating producing documents "is a burden the Deans can't meet." Id., ¶ 9, Ex. L. Kaiser's counsel responded that the production could be made electronically, but declined to withdraw Kaiser's discovery requests. Id.

On March 1, 2023, Kaiser's counsel met and conferred telephonically with the Deans regarding their refusal to respond to discovery. Id., ¶ 10. After the phone call, the Deans stated they would respond to the pending discovery requests by March 2, 2023. Id., ¶ 11. However, later that same afternoon, the Deans reversed their position and stated they would not respond to the discovery requests. Id. Nonetheless, the parties agreed to file a Joint Motion seeking to extend the discovery cut-off in order to permit the discovery dispute to be heard on a noticed motion. See dkt. 86.

On March 7, 2023, the Court denied the parties' Joint Motion for Order Extending the Discovery Period and Other Dates. Dkt. 87. The Court noted Kaiser failed to propound discovery sufficiently in advance of the discovery cut-off and it would not "rescue Kaiser from the consequences of its litigation strategy." Id. at 2. The Court, however, noted the Order did not preclude the parties from seeking relief from the Magistrate Judge, such as an order authorizing the filing of a discovery motion on shortened time. Id. at 3.

On March 8, 2023, the Deans agreed to serve discovery responses on March 9, 2023. Burns Decl., ¶ 11.

On March 9, 2023, the Deans served discovery responses that stated the following objection in response to every Interrogatory, Request for Production, and Request for Admission:

> Objection. The request is not relevant to the case. The interrogatory seeks information not reasonably calculated to lead to the discovery of relevant or admissible information. On November 22, 2022 the court ruled on Kaiser's motion for summary judgement. The court ruled that the Settlement agreement is a fully integrated agreement and that the courts are not at liberty to read into a contract language that is demonstrably not there. The agreement states in sections B and C, the parties released any claims they might possess toward each other for all times prior to and after the Effective Date. Except as otherwise provided herein KP and Surefile agree no money shall be due from any party whatsoever, for any obligation incurred by and other party in connection with the dispute.

Id., ¶ 8, Exs. H, I, J, K.

On March 9, 2023, Kaiser's counsel informed the Deans that Kaiser intended to move for ex parte relief due to the Deans' deficient discovery responses. Id., ¶ 12. On March 10, 2023, the Deans confirmed that they would oppose the ex parte application and would not participate in the joint stipulation process under Local Rule 37-2.1. Id., ¶¶ 12, 14, Ex. N.

On March 10, 2023, Kaiser filed the instant Application. Dkt. 88. On March 11, 2023, the Deans filed an Opposition. Dkts. 89, 90, 91. On March 13, 2023, Kaiser filed a Reply. Dkt. 92. The matter thus stands submitted.

### III.
### DISCUSSION

**A.    EX PARTE RELIEF IS APPROPRIATE**

Unlike regularly noticed motions, applications for ex parte relief are "inherently unfair" and "pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). The opposing party "can rarely make its best presentation" on the short notice accompanying an ex parte application. Id. at 491. Hence, to justify use of ex parte procedures, a party seeking ex parte relief must show: (1) "the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492.

Here, the discovery cut-off is March 31, 2023. Dkts. 84, 87. The Deans served their discovery responses on March 9, 2023. Burns Decl., ¶ 8, Exs. H, I, J, K. Therefore, Kaiser did not have sufficient time to bring a properly noticed motion. In addition, while Kaiser likely should have served discovery requests earlier, a quickly approaching discovery deadline does not give the Deans license to abuse the discovery process. Moreover, the Deans initially agreed to serve responses, but then reversed their position. The Deans then agreed to extend the discovery cut-off, see id., ¶¶ 9-11; dkt. 86; however, the Court denied the parties' joint request, see dkt. 87. The Court, thus, finds Kaiser would suffer prejudice if it is not permitted to bring the instant Application and is not at fault for creating the crisis that requires ex parte relief. Therefore, Kaiser has satisfied its burden to justify the use of ex parte procedures and the Court will address the merits of the Application to compel discovery responses.

**B.    KAISER'S APPLICATION TO COMPEL FURTHER RESPONSES IS GRANTED**

    **1.    Applicable Law**

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 33 governs interrogatories to parties. See FED. R. CIV. P. 33. "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." FED. R. CIV. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4).

Federal Rule of Civil Procedure 34 governs requests for production of documents. FED. R. CIV. P. 34. A party may request documents "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). The responding party must respond in writing and is obligated to produce all specified relevant and nonprivileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. FED. R. CIV. P. 34(a). Alternatively, a party may state an objection to a request, including the reasons. FED. R. CIV. P. 34(b)(2)(A)-(B). In responding to a request to produce documents, the responding party must affirmatively state whether any responsive materials are being withheld on the basis of that objection. FED. R. CIV. P. 34(b)(2)(C).

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a)(1). Federal Rule of Civil Procedure 36 provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or

> information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

FED. R. CIV. P. 36(a)(4).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citations omitted) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." FED. R. CIV. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." FED. R. CIV. P. 37(a)(4).

2.  Analysis

On February 7, 2023, Kaiser served Interrogatories, Requests for Production, and Requests for Admission seeking information regarding the Deans' attempts to sell Kaiser's patients' data, the clients and potential clients of the Deans' business, and the Kaiser patient data that the Deans offered for sale as part of their business. Burns Decl., ¶ 7, Exs. E, F. G. On March 9, 2023, the Deans served responses setting forth the same boilerplate relevance objection to each request. Id., ¶ 8, Exs. H, I, J, K. The Deans appear to believe that the 2011 settlement agreement between the parties released all claims including the trademark claims at issue in the instant litigation. The Deans thus appear to argue discovery regarding trademark damages is not relevant. The Court, however, has already rejected the Deans' argument that the parties' 2011 settlement agreement released all claims "past, present, and future" relating to Kaiser's trademarks, because the trademarks were "in no way related" to the subject of the dispute that was settled by the 2011 settlement agreement. Dkt. 81 at 6-10. Accordingly, the Court finds Kaiser's Interrogatories and Requests for Production seek relevant information and there is no indication that the discovery sought is disproportionate to the needs of the case. See FED. R. CIV. P. 26(b). Therefore, the Deans' boilerplate objection is OVERRULED. See A. Farber & Partners, Inc., 234 F.R.D. at 188. However, while the Court finds the Deans' boilerplate relevance objection is meritless, the Court declines to deem the Requests for Admission admitted at this time and will grant the Deans a final opportunity to comply with their discovery obligations.

Hence, Kaiser's Application to compel further responses to Interrogatories and Requests for Production is GRANTED and Kaiser's Application to deem the Requests for Admission admitted is DENIED without prejudice. **Within five (5) days of the date of this Order**, the Deans shall serve supplemental responses to Kaiser's Interrogatories, Requests for Production, and Requests for Admission without objection along with all responsive documents.

///
///
///



### C.  KAISER'S REQUEST FOR ATTORNEY'S FEES IS DENIED

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), when a motion to compel discovery is granted "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's response or objection was substantially justified or other circumstances make an award of expenses unjust.  FED. R. CIV. P. 37(a)(5)(A).

Here, the Court finds circumstances make an award of expenses unjust.  Kaiser failed to provide any justification for waiting until February 7, 2023 to serve its discovery requests.  The Court's Scheduling Order clearly cautions parties that "[g]iven the requirements to meet and confer and to give notice, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the [discovery] cut-off."  Dkt. 59 at 4.  Therefore, the Court finds an award of expenses is not warranted at this time.  However, the Deans are expressly cautioned that if they fail to timely serve sufficient responses as required by this Order, the Court will impose sanctions, including but not limited to an award of attorney's fees.

## IV.
## ORDER

Based upon the foregoing reasons, IT IS THEREFORE ORDERED that Plaintiffs' Application is GRANTED IN PART and DENIED IN PART as set forth above.  **Within five (5) days of the date of this Order**, the Deans shall serve on Kaiser further responses without objections to Kaiser's Interrogatories, Requests for Production along with all responsive documents, and Requests for Admission.