# EXHIBIT V

# EXHIBIT V

| | |
|---|---|
| **From:** | Stephan Dean |
| **To:** | Alan Jampol |
| **Cc:** | Jack Burns; Liza Dean; Jill Pietrini; Paul Bost |
| **Subject:** | Re: Notice of Intent to File Motion to Withdraw |
| **Date:** | Wednesday, May 4, 2022 5:41:10 PM |

Thank you, Alan.  Perhaps since the judge wants a hearing on this matter, possibly we could instead settle this.  Since Alan is still representing the Deans , maybe Mr. Burns, you and Alan, could try and work out a solution and avoid all this costly litigation and the Deans having to file bankruptcy.

The court expects this and requires we try and resolve the matter before trial.  I think Alan would agree to help if we keep things civil.  We have some ideas we  will relay through Alan.
Thank You
The Deans

Sent from my iPhone


On May 4, 2022, at 3:38 PM, Alan Jampol <alan@jampol-law.com> wrote:


Counsel, Stephan and Liza,

Per the Court's order of May 4, 2022, you are hereby notified that I will file a motion for permission to withdraw as counsel for Stephan and Liza, which will be electronically filed and served on Stephan and Liza by email.

This is also notice that Stephan and Liza must personally appear in court on the day set for the hearing on the motion.

Sincerely, Alan Jampol



Alan R. Jampol, Esq.
Jampol Law APC
1801 Century Park East, 25th Floor
Los Angeles, California 90067
(310) 556-9678 (office)
(310) 614-4149 (cell)
alan@jampol-law.com

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, may be legally privileged, and may be protected by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521.  If the reader of this message is not the intended recipient, any dissemination, distribution or copying of this

communication is strictly prohibited.  We do not accept liability for any errors or omissions in the contents of this message that may arise as a result of e-mail transmission. If you have received this communication in error, please immediately notify us by telephone at (310) 556-9678 or by email to alan@jampol-law.com and immediately delete the original message. Thank you.

CONFIDENTIALITY NOTICE: IRS Circular 230 Disclosure

To ensure compliance with requirements imposed by the IRS, we hereby inform you that any U. S. tax advice contained in this communication (including attachments, if any) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matter addressed herein.

**From:** Stephan Dean
**To:** Jack Burns; Jill Pietrini; Paul Bost
**Subject:** CWL/Lush vs Pinkette
**Date:** Sunday, June 19, 2022 9:36:29 AM

Good morning.  Friday 6/17 the Deans made an offer to settle for 950 thousand. This offer is good until tomorrow 6/20 5pm (PST)

We have copied and pasted from the MSJ  points we are asking you share with your client.  Friday we sent a copy of a draft settlement agreement dated 9/2012 with our settlement offer these are post 3/2011  negotiations, you have argued pre signing negotiations. We also copied legal precedent using case law you have cited in your MSJ. With this we feel that your MSJ will be denied.

There is a triable issue of fact regarding Kaisers waiver of Trademark claims by omission in the 3/2011 agreement.


 FOR PUBLICATION
UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
  PINKETTE CLOTHING, INC., a California corporation,
Plaintiff-Counter-Defendant- Appellee,
v.
COSMETIC WARRIORS LIMITED, believed to be a United Kingdom limited company doing business as Lush Handmade Cosmetics,
Defendant-Counter-Claimant- Appellant.
No. 17-55325
D.C. No. 2:15-cv-04950- SJO-AJW
OPIN

MSJ
Finally, California law provides that the "execution of a contract in
writing . . . supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." Cal. Civ. Code
§ 1625. In Vigdor v. Super Lucky Casino, Inc., for example, the court granted a motion to dismiss based on California Civil Code section 1625 when the plaintiffs' complaint relied on purported pre-execution statements that would have added rights that were not in the contract. No. 16-cv-05326, 2017 WL 2720218, at *3 (N.D. Cal. June 23, 2017). The same result is warranted here because, as in Vigdor, the Deans cannot rely on pre-execution negotiations to impute a right to use Kaiser's trademarks that is not in the executed Settlement Agreement. This is another independent reason the Deans' "de facto" grant theory fails.
MSJ
When the alleged infringement is on the internet, the Ninth Circuit considers the first three of these facts to be of "greatest importance." Internet Specialties W., Inc. v. Milon-Digiorgio Enters., Inc., 559 F.3d 985, 989 (9th Cir. 2009). "When this controlling troika, or internet trinity, suggests confusion is likely, the other factors must weigh strongly against a likelihood of confusion to avoid the finding of infringement." Interstellar Starship Servs, Ltd. v. Epix, Inc., 304 F.3d 936, 942 (9th Cir. 2002) (quotes omitted).
MSJ
The test for establishing false designation of origin under 15 U.S.C. section 1125(a) is the same as that for trademark infringement. Century 21, 846 F.2d at 1178. Likewise, an unfair competition action brought under California Business & Professions Code section 17200 or under common law is "substantially congruent" to a claim for false designation of origin and trademark infringement. Acad. of Motion Picture Arts and Sciences v. Creative House Promotions, Inc., 944 F.2d 1446, 1457 (9th Cir. 1991).
MSJ
D. The Deans' Infringing Actions and the UDRP Proceeding
Years after the parties' entered into the Settlement Agreement, the Deans began using the KFHP Marks to try to sell the private patient information they secretly kept after the medical record scanning and storing contracts ended. On or around August 24, 2021, the Deans registered the domain name <kphealthconnectusa.com>, which incorporates one of the registered KFHP Marks—KP HEALTHCONNECT.

Pinkette vs CWL/Lush

The most analogous state statute of limitations in this case is California's four-year statute of limitations for trademark infringement actions. See Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc., 559 F.3d 985, 990 n.2 (9th Cir. 2009). Laches runs "from the time the plaintiff knew or should have known about its potential cause of action." Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery Ass'n, 465 F.3d 1102, 1108 (9th Cir. 2006). CWL should have known about its claims no later than when Pinkette's registration issued in July 2010. See E-Sys., 720 F.2d at 607 (applying laches where "Monitek registered its trademark in 1972," "[b]ut plaintiff did not file suit for infringement . . . until 1978"). Yet CWL did not file its cancellation petition until nearly five years later in June 2015. Because CWL delayed beyond the expiration of the most analogous state statute of limitations, a strong presumption in favor of laches arises. See La Quinta Worldwide, 762 F.3d at 878.

The first factor is the "strength and value of [the] trademark rights asserted." E-Sys., 720 F.2d at 607. Pinkette does not dispute that CWL's LUSH mark is strong and valuable, and this factor therefore weighs against applying laches. The second factor—the "plaintiff's diligence in enforcing [the] mark"—cuts in the opposite direction. Id. Pinkette's trademark registration put CWL on constructive notice of Pinkette's claim to ownership of the LUSH mark in July 2010. Even though CWL's outside counsel received notice of Pinkette's registration application, and even though CWL otherwise strictly polices its mark, CWL waited until June 2015 to file its petition for cancellation. See, e.g., Grupo, 391 F.3d at 1102 (four-year delay sufficient for laches defense); Fitbug Ltd. v. Fitbit, Inc., 78 F. Supp. 3d 1180, 1193 (N.D. Cal. 2015) (same).

Please let's try and settle this tomorrow.

Thank You
Stephan Dean
323 314 9692
Sent from my iPhone

| | |
|---|---|
| **From:** | My InfoStephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Settlement Offer |
| **Date:** | Thursday, June 30, 2022 3:57:47 PM |

Please relay this offer to your client .  We feel optimistic we will defend the MSJ and it will be denied as we have a complete defense as has already been explained .  The court will find there is a triable issue of fact.  The court may even dismiss the entire claim as our defense is a complete one.  Our offer is this and we would appreciate a response, the entire matter resolved including an injunction, if necessary, our demand to release our rights to the Kaiser name and Trademark as well as use of the PHI for marketing legally.

We demand 1.2 million to settle, this offer expires tomorrow at 5 pm.  The fee award will be divided between the Deans children. We can drive the hardware and any devices and give access to our email accounts as early as tomorrow, your client can finally resolve this.


 Thank You

Stephan Dean

323 314 9692

| From: | My InfoStephan Dean |
|---|---|
| To: | Jack Burns; Jill Pietrini |
| Subject: | Confidential Settlement Offer Expires 3pm 7/7/22 |
| Date: | Thursday, July 7, 2022 9:59:31 AM |

This is the Deans final attempt to settle. We will be filing for chapter 7 bankruptcy if we cant settle this matter by 3pm today 7/7 the demand is 700 thousand to settle the Deans remaining claims against Kaiser.

This is a breakdown of the money disbursed. The FTB must be paid from any settlement first. State of California (FTB) 228,000.00 To be paid directly to them by Kaiser on Deans behalf to pay outstanding tax bill, we will need to get an exact number.
Jampol Law 160,000.00
Stephan and Liza Dean 260,000.00
Frank and Tillie Dean 52000.00  This is the fee award to be disbursed to the Dean's children.

Total 700000.00


We ask that you present this to your client and give the Deans a response before 3pm today.

The Deans
323 314 9692

| **From:** | Stephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Let s talk |
| **Date:** | Tuesday, July 19, 2022 6:39:30 AM |

Good morning.  Do you think that your client would settle?  This is from page 26 of the MSJ transcript.  The Court is stating a material fact, this isn't my interpretation " any nature ". " or arise after the effective date"

"from all claims, actions, causes of action of any nature and for all liabilities and obligations of every kind and character arising out of or relating to the dispute and any and all claims that were or could have been asserted relating to and/or arising from any of the foregoing, regardless of whether such claims, actions or causes of action have arisen prior to the effective date or arise after the effective date."


Sent from my iPhone

| | |
|---|---|
| **From:** | My InfoStephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Settlement Offer |
| **Date:** | Monday, July 25, 2022 11:13:46 AM |
| **Attachments:** | Rhoades v. Avon Prods., Inc.pdf |

Good Morning . The Deans are willing to settle the entire matter for 1.5 million.  Please see attached case from the ninth circuit, specifically under rule 408. Please relay our offer to your client.

Thank You

The Deans

323 314 9692

| | |
|---|---|
| **From:** | Stephan Dean |
| **To:** | Jack Burns |
| **Subject:** | Re: Re. Settlement |
| **Date:** | Thursday, July 28, 2022 3:25:03 PM |

Mr. Burns.

The Deans are trying to follow the local rules and seek a settlement.  Any settlement would require that Kaiser compensate the Deans for their two surviving claims as described in the 9/2012 offer which Kaiser made.  If Kaiser would have gotten the Deans to sign that agreement a decade ago we wouldn't be here today.

Kaiser waived all possible claims against the Deans in 2013 and so by law and the facts must either compensate the Deans to release their rights or the Deans will exercise those rights. The Deans will not come back and  seek compensation once the court grants the Deans upcoming summary judgment motion.  It would be prudent on Kaiser's part to resolve this matter now, before the hearing this Monday 8/1.

Thank You
Stephan Dean
323 314 9692

Sent from my iPhone

On Jul 28, 2022, at 3:11 PM, Jack Burns <JBurns@sheppardmullin.com> wrote:

Mr. Dean,
Kaiser will not pay the Deans.  There is no reason to do so under the law or the facts.  If the parties can reach a suitable agreement that convinces Kaiser that the Deans will not come back again seeking money from Kaiser or again try to make money using Kaiser's name or patients' information, Kaiser may agree to waive a portion of the $50,804.89 that the Deans owe to Kaiser.  Absent such an agreement, we believe we should move toward trial.
Thanks,

**Jack F. Burns**
+1 619-338-6588 | direct
JBurns@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** My InfoStephan Dean <surefile@msn.com>
**Sent:** Wednesday, July 27, 2022 9:43 AM

**To:** Jack Burns <JBurns@sheppardmullin.com>; Jill Pietrini
<JPietrini@sheppardmullin.com>; Paul Bost <PBost@sheppardmullin.com>
**Subject:** Re. Settlement

Good Morning.  The Deans want to settle this matter before the hearing on 8/1.
What would it take to achieve this?  We cannot pay the fee award and will be
forced into bankruptcy, even if the motion is denied.  Would you please ask your
client what it would take to settle this?

Thank You
Stephan Dean
323 314 9692
Attention: This message is sent by a law firm and may contain information that is
privileged or confidential. If you received this transmission in error, please notify
the sender by reply e-mail and delete the message and any attachments.

| | |
|---|---|
| **From:** | My InfoStephan Dean |
| **To:** | Jill Pietrini; Jack Burns; Paul Bost |
| **Subject:** | Confidential Settlement Offer Expires at 2pm PST 7/29 |
| **Date:** | Friday, July 29, 2022 9:27:02 AM |

Please encourage your client to reconsider our offer of 1.5 million.  We have no doubt that the Deans will move forward after the hearing this Monday 8/1 with their own MSJ, if your motion is granted, we will appeal.  Your client in 2013 agreed with the Courts interpretation of the Settlement agreement and its effect.  Your client never disputed the claims that they said occurred after the signing of the agreement in 2011. (see MSJ Transcript page 18 line 9-12).  The claims regarding the Deans use of the Kaiser trademark your client claim occurred after the agreement are also subsumed, your client cannot deny they made the offer for the Deans to release their rights to Kaisers omissions.

The Deans request that your client respond to this offer again in writing by 2pm today.  If your motion is denied or the baby is split, we will demand a much higher consideration.

Thank You
The Deans
323 314 9692

**From:**     Stephan Dean
**To:**       Jack Burns; Jill Pietrini; Paul Bost
**Subject:**  Consider settlement
**Date:**     Thursday, August 4, 2022 2:14:07 PM

It appears the court is taking a closer look at the case.  It is my opinion he definitely wants the parties to settle. The Deans are broke, would your client possibly consider giving the Deans some compensation?

Thank You
The Deans
323 314 9692

Sent from my iPhone

**From:** My InfoStephan Dean
**To:** Jack Burns; Jill Pietrini; Paul Bost
**Subject:** Confidential Settlement Communication
**Date:** Tuesday, August 9, 2022 9:43:06 AM

Good Morning.  Please relay this offer to your client and please reply by 2pm today 8/9.  We will settle the entire matter for 3 million plus our attorney fees owed to Mr. Jampol.

Thank You

The Deans

323 314 9692

| | |
|---|---|
| **From:** | Stephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Judge wants a settlement |
| **Date:** | Tuesday, August 9, 2022 5:35:07 PM |

I copied and pasted this from the Pinkette case. Judge Scarsi is in my opinion looking at the case from a different perspective, taking his time to issue his ruling. He is possibly considering what stopped your client from obtaining injunctive relief a decade ago. The Deans are prepared to enter settlement negotiations.

"We repeat what we have said in these cases: in each case, the district court must weigh the plaintiff's delay and the resulting prejudice to the defendant to determine whether and to what extent laches bars the requested relief, including a request for an injunction. It is precisely these elements of delay and prejudice that the E-Systems factors are meant to identify. 720 F.2d at 607 ("For laches to constitute a defense, the passage of time must be accompanied by circumstances which estop plaintiff from obtaining injunctive relief."). "

Sent from my iPhone

| | |
|---|---|
| **From:** | My InfoStephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost; Lawstef7771@yahoo.com |
| **Subject:** | Confidential Settlement Offer |
| **Date:** | Wednesday, August 24, 2022 7:27:07 AM |
| **Attachments:** | 120926 Settlement Agreement_final (1).pdf |

Good Morning.  The Deans are optimistic that the case has turned a corner, and wish to make this settlement offer. The offer expires this Friday 8/26 2pm, we respectfully request a respone from your client.  A brief explanation of our position. Below is copied and pasted from Kaisers motion to dismiss a phrase.  The term "Authorization by omission" is no longer a theory but as the evidence presented the 9/2012 settlement offer made by your client proof of the parties' intent, also pasted the relevant language in the release of 2012.

"Plaintiffs' premise is all wrong and its authorization-by-omission theory is not the law."

; (c) any and all Claims arising out of or in any way connected with any act or omission by any of the Releasees up to and including the Effective Date of this Agreement; and (d) any and all Claims for attorneys' fees, expenses and costs. 3. Release of Unknown Claims. This is a full and final-release covering all unsuspected, unknown, undisclosed and unanticipated claims which may have arisen, or may arise, from any act or omission of the Releasees prior to the Effective Date of this Agreement, and which arise out of or are related, directly or indirectly, to the dealings between DEAN and Kaiser Permanente or any matters referenced in paragraph 2 above

We have asked Tom Stefanelli to help in settlement if your client wishes to discuss this offer. Tom is well aware of this entire matter as he negotiated the settlement of 3/2011 with Ms. Burke. Tom is copied on this email.

Our offer is 5 million dollars plus our attorney fees, this is a bargain considering in 2012 we were demanding 8 million to release our rights to the KP trademark. Toms number is 760 323 3060.  We sincerely hope this matter can be resolved.

Thank You
Stephan Dean
323 314 9692

| | |
|---|---|
| **From:** | My InfoStephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost; Lawstef7771@yahoo.com |
| **Subject:** | Declaration of Tom Stefanelli |
| **Date:** | Wednesday, August 24, 2022 8:17:58 AM |
| **Attachments:** | DEAN Signed Dec.pdf |

The Pinkette v CWL case we cited proves as a matter of law that your client is precluded from asserting any Lanham act claims.  Your client put the Deans on notice of claims of omission made by them in September 2012. Latches bars your clients entire trademark claim , it's too late. Tom will be available and we strongly encourage your client to accept our offer.

The Deans

| | |
|---|---|
| **From:** | Chris Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Pinkette Clothing, Inc. v. Cosmetic Warriors Limited | Loeb & Loeb LLP |
| **Date:** | Thursday, August 25, 2022 8:54:02 AM |

Good morning.  The Deans are willing to settle this matter as described in our email dated 8/24.  This link is a brief synopsis of the Pinkette case we cited.  The evidence and the law are clear your client is precluded from asserting their trademark claims.

If the court somehow makes an erroneous ruling in Kaiser's favor we will file a timely appeal, however we are confident Judge Scarsi with his background won't.  If he denies your clients motion we will move for summary judgment and it will be over.

We want to strongly encourage your client to agree to our offer and work with Mr. Steffanelli.  This current offer expires tomorrow 8/26 at 2pm. We would respectfully ask you give your clients response in writing before the deadline expires.

Thank You
The Deans
323 314 9692


https://www.loeb.com/en/insights/publications/2018/07/pinkette-clothing-inc-v-cosmetic-warriors-limited


Sent from my iPhone

| | |
|---|---|
| **From:** | My InfoStephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | 7-3 |
| **Date:** | Thursday, September 8, 2022 9:42:43 AM |

Good Morning. Please let me know a convenient time for a meet and confer. The Deans are considering filing a MSJ based on the affirmative defense arguments we made in response to your clients motion.  Possibly we can consider alternative solutions to settle this matter. We are surprised how long the judge is taking to rule and maybe our filing will clarify issues he may have.   Please advise.

Thank You
Stephan Dean
323 314 9692

| From: | My InfoStephan Dean |
|---|---|
| To: | Jack Burns; Jill Pietrini; Paul Bost; Lawstef7771@yahoo.com |
| Subject: | Fw: Confidential Settlement Offer |
| Date: | Thursday, November 3, 2022 10:43:09 AM |
| Attachments: | 120926 Settlement Agreement_final (1).pdf |

Good Morning, please resubmit this offer to your client. This offer expires tomorrow at 1pm 11/4. Please contact Tom at 760 323 3060 he is handling settlement and Mediation negotiations for the Deans only.

The Deans
323 314 9692

---

**From:** My InfoStephan Dean
**Sent:** Wednesday, August 24, 2022 7:26 AM
**To:** Jack Burns <JBurns@sheppardmullin.com>; Jill Pietrini <JPietrini@sheppardmullin.com>; Paul Bost <PBost@sheppardmullin.com>; Lawstef7771@yahoo.com <lawstef7771@yahoo.com>
**Subject:** Confidential Settlement Offer

Good Morning. The Deans are optimistic that the case has turned a corner, and wish to make this settlement offer. The offer expires this Friday 8/26 2pm, we respectfully request a respone from your client. A brief explanation of our position. Below is copied and pasted from Kaisers motion to dismiss a phrase. The term "Authorization by omission" is no longer a theory but as the evidence presented the 9/2012 settlement offer made by your client proof of the parties' intent, also pasted the relevant language in the release of 2012.

"Plaintiffs' premise is all wrong and its authorization-by-omission theory is not the law."

; (c) any and all Claims arising out of or in any way connected with any act or omission by any of the Releasees up to and including the Effective Date of this Agreement; and (d) any and all Claims for attorneys' fees, expenses and costs. 3. Release of Unknown Claims. This is a full and final-release covering all unsuspected, unknown, undisclosed and unanticipated claims which may have arisen, or may arise, from any act or omission of the Releasees prior to the Effective Date of this Agreement, and which arise out of or are related, directly or indirectly, to the dealings between DEAN and Kaiser Permanente or any matters referenced in paragraph 2 above

We have asked Tom Stefanelli to help in settlement if your client wishes to discuss this offer.

Tom is well aware of this entire matter as he negotiated the settlement of 3/2011 with Ms. Burke. Tom is copied on this email.

Our offer is 5 million dollars plus our attorney fees, this is a bargain considering in 2012 we were demanding 8 million to release our rights to the KP trademark. Toms number is 760 323 3060.  We sincerely hope this matter can be resolved.

Thank You
Stephan Dean
323 314 9692

| From: | Stephan Dean |
| To: | Jack Burns |
| Cc: | Thomas Stefanelli; Jill Pietrini; Paul Bost |
| Subject: | Re: Dean v. Kaiser matter – mediation |
| Date: | Friday, November 18, 2022 11:24:26 AM |

Mr. Burns,

Mr. Stefanelli is going to represent us at the possible settlement conference.

So for negotiation purposes he is representing the Deans.  Like it or not your client must face the facts that settle negotiations are a rule of the court.  Please work through Tom on this matter.

The Deans

Sent from my iPhone

> On Nov 18, 2022, at 10:58 AM, Jack Burns <JBurns@sheppardmullin.com> wrote:
>
>
> Mr. Dean,
>
> I am not writing about any settlement negotiations.  I am writing about the joint ADR motion that you requested and that we agreed to prepare to expedite the process.  Mr. Stefanelli has not appeared in this case.  If he is not going to do so, then we need you to confirm that we can put your and Ms. Dean's e-signature on the joint motion that you requested.
>
> If you will not agree, please tell us.
>
> Thanks,
>
> **Jack F. Burns**
> +1 619-338-6588 | direct
> JBurns@sheppardmullin.com | Bio
>
> **Sheppard**Mullin
> 501 West Broadway, 19th Floor
> San Diego, CA 92101-3598
> +1 619-338-6500 | main
> www.sheppardmullin.com | LinkedIn | Twitter

**From:** My InfoStephan Dean <Surefile@msn.com>
**Sent:** Friday, November 18, 2022 9:57 AM
**To:** Jack Burns <JBurns@sheppardmullin.com>; Jill Pietrini
<JPietrini@sheppardmullin.com>; Paul Bost <PBost@sheppardmullin.com>; Thomas

Stefanelli <lawstef7771@yahoo.com>
**Subject:** Re: Dean v. Kaiser matter – mediation

Good morning.  Please work through Tom for settlement purposes. His # 760 323 3060
Thanks

Sent from my iPhone


On Nov 18, 2022, at 8:44 AM, Jack Burns <JBurns@sheppardmullin.com>
wrote:


Mr. Dean,

Please confirm that we can put your e-signature and Ms. Dean's e-signature on this joint motion and file.

Thanks,

**Jack F. Burns**
+1 619-338-6588 | direct
JBurns@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Jack Burns <JBurns@sheppardmullin.com>
**Sent:** Monday, November 14, 2022 3:21 PM
**To:** Stephan Dean <Surefile@msn.com>; Thomas Stefanelli
<lawstef7771@yahoo.com>
**Cc:** Jill Pietrini <JPietrini@sheppardmullin.com>; Paul Bost
<PBost@sheppardmullin.com>; Toy Dykes
<TDykes@sheppardmullin.com>
**Subject:** RE: Dean v. Kaiser matter – mediation

Mr. Dean,

Please take a look at the attached joint motion for either a referral for a settlement conference or exempting the case from mediation, and a proposed order on the joint motion.  If you have any edits, please tell us and we will consider them.  If you do not have edits, please tell us if we have the consent of you and Ms. Dean to put your e-signature on the attached motion, date it, and file it.

Thanks,

**Jack F. Burns**
+1 619-338-6588 | direct
JBurns@sheppardmullin.com | Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Stephan Dean <Surefile@msn.com>
**Sent:** Friday, November 11, 2022 2:51 PM
**To:** Jack Burns <JBurns@sheppardmullin.com>; Jill Pietrini
<JPietrini@sheppardmullin.com>; Paul Bost
<PBost@sheppardmullin.com>; Thomas Stefanelli
<lawstef7771@yahoo.com>
**Subject:** Re: Dean v. Kaiser matter – mediation

Thank You.  Hopefully this will move this issue along.  I have been
including Tom Stefanelli in our conversation, I'm asking him to
represent us in negotiations.

Please understand that any hope of settlement as far as we are
concerned is going to require consideration for the parties executing a
new settlement agreement.  We are agreeable to the one we have used
as evidence from September 2012.

Thank You
The Deans
323 314 9692

Sent from my iPhone

> On Nov 11, 2022, at 2:07 PM, Jack Burns
> <JBurns@sheppardmullin.com> wrote:
>
>  Mr. Dean,
>
> We are fine with your suggestion of asking the Court if it
> will change the ADR order to order a settlement
> conference.
>
> We can draft the joint motion to move along the process
> if you would like. We can probably get it to you next
> week.

Thanks,

Jack

Sent from my iPhone

> On Nov 10, 2022, at 5:32 PM, Stephan Dean <Surefile@msn.com> wrote:

> We cannot pay, however we are looking into free services provided by the court.  One option which we can request jointly is a settlement conference.  What is your client's position regarding this?

> Thanks

> Sent from my iPhone

>> On Nov 10, 2022, at 4:34 PM, Jack Burns <JBurns@sheppardmullin.com> wrote:

>> Mr. Dean,

>> Per the attached order, the Court has directed the parties to engage in private mediation by February 17.  Under the circumstances, it is reasonable and customary that the parties split the cost to participate in a court-ordered private mediation.  Please let us know if the Deans will agree to cover any portion of the mediation costs.  Or please let us know if it is the Deans' position that they will in no event pay any amount.

>> Thanks,

>> **Jack F. Burns**
>> +1 619-338-6588 | direct
>> JBurns@sheppardmullin.com | Bio

**SheppardMullin**

501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com | LinkedIn |
Twitter

**From:** Stephan Dean
<Surefile@msn.com>
**Sent:** Wednesday, November 9,
2022 1:16 PM
**To:** Jack Burns
<JBurns@sheppardmullin.com>
**Cc:** Jill Pietrini
<JPietrini@sheppardmullin.com>;
Paul Bost
<PBost@sheppardmullin.com>;
Thomas Stefanelli
<lawstef7771@yahoo.com>
**Subject:** Re: Dean v. Kaiser matter
– mediation

Mr. Burns.

We have been very clear that
we will not settle unless there is
incentive to do so. A decade
ago your client asked the Deans
to waive all their claims of
omissions and offered
consideration for them to do so.
We wanted 8 million then
dropped down to 600 thousand,
that is never coming back.

We need to satisfy the court's
order and have mediation,
unfortunately with your clients
frame of mind it will be futile.
We will agree to a half day and
your client can pickup the fees.
A full day of stating what we
already know isn't necessary.
Basically we will satisfy the
court and the 1/2 day savings
would be what your client
would pay anyway.

We can then let the court give

its ruling on your MSJ. If it is
denied, this matter is over and
we will exercise our right and
use the Kaiser trademark or sell
the rights.

The Deans

Sent from my iPhone

On Nov 9, 2022, at
12:50 PM, Jack
Burns
<JBurns@sheppardmullin.com>
wrote:

Mr. Dean,

We have told Mr.
Jampol and you our
settlement position
several times. In
no event will
Kaiser pay the
Deans. If you
propose settlement
consistent with that
position, then we
will consider it.
Otherwise, as we
have explained, it is
not productive for
you to continue to
send demands.

Either way, we
remain willing to
follow the Court's
order directing the
parties to mediate
by February 17,
and we have
proposed Ryan
Lapidus as a
mediator, with fees
split 50/50. If you
agree to this and

provide available dates, we can contact Mr. Lapidus' intake assistant.

If you would like us to communicate with Mr. Steffanelli regarding mediation going forward, please tell us and we will do so.

Thanks,

**Jack F. Burns**
+1 619-338-6588 | direct
JBurns@sheppardmullin.com
| Bio

**Sheppard**Mullin
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com |
LinkedIn | Twitter

---

**From:** Stephan Dean <Surefile@msn.com>
**Sent:** Wednesday, November 9, 2022 10:45 AM
**To:** Jack Burns <JBurns@sheppardmullin.com>
**Cc:** Jill Pietrini <JPietrini@sheppardmullin.com>; Paul Bost <PBost@sheppardmullin.com>; Thomas Stefanelli <lawstef7771@yahoo.com>
**Subject:** Re: Dean v. Kaiser matter — mediation

Mr. Burns

Thank you for your response. The Deans cannot afford to pay the fees. As an alternative, could we attempt to settle this privately? Tom Steffanelli has agreed to represent us for settlement purposes.

At the time the arrangement was made regarding mediation, our previous attorney was picking up all costs. It is our opinion that the tide has changed and this entire cross complaint maybe denied. That is a huge gamble your client is making.

Please advise.
The Deans
323 314 9692

Sent from my iPhone

On Nov 9, 2022, at 10:22 AM, Jack Burns <JBurns@sheppardmullin.com> wrote:

Mr.
Dean,

As you
know,
the
Court
referred
the
above-
referenced
case to
private
mediation,
and
directed
the
parties
to
mediate
by
February
17,
2023.

For a
mediator,
we
propose
Ryan
Lapidus
(link),
who is
on the
Central
District's
mediation
panel.
We
understand
that
Mr.
Lapidus
is
available
to
conduct
a
mediation

between February 1 and February 17, 2023. His rate is a flat fee $3,000 for half a day including prep time. While we do not think a full day will be necessary, Mr. Lapidus' rate for a full day is $5,000.

Kaiser will agree to dividing mediation costs 50/50.

If you agree to this, and provide dates that you are available for a

mediation between February 1 and February 17, we can contact Mr. Lapidus' intake assistant about scheduling the mediation.

Thanks,

**Jack F. Burns**
+1 619-338-6588 | direct
JBurns@sheppardmullin.com | Bio

**Sheppard**Mullin

501 West Broadway, 19th Floor
San Diego, CA 92101-3598
+1 619-338-6500 | main
www.sheppardmullin.com |
LinkedIn |
Twitter

<u>Attention:</u>
This message is sent by a law firm

and
may
contain
information
that is
privileged
or
confidential.
If you
received
this
transmission
in
error,
please
notify
the
sender
by
reply e-
mail
and
delete
the
message
and any
attachments.

<031137992501.pdf>

<Joint Motion for Order Referring Case for a Settlement Conference Pursuant to
ADR Procedure 1 - 11.14.22.docx>
<Exhibit 1.pdf>
<Proposed Order Referring Case for a Settlement Conference Pursuant to ADR
Procedure 1 - 11.14.22.docx>

| | |
|---|---|
| **From:** | Chris Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Motion to dismiss |
| **Date:** | Monday, November 28, 2022 11:14:17 AM |
| **Attachments:** | 20130731-Kaiser-vs-Dean-Transcript.pdf |

Mr. Burns, as the evidence here is clear your client was going to amend their complaint and seek the injunction regarding use and disclosure.  As a term of settlement, please see your client's MSC brief, they wanted a permanent injunction regarding use and disclosure. At the settlement conference your client dismissed with prejudice any hope of getting an injunction regarding use and disclosure.  Please respond to our offer of settlement in this email.

As a courtesy here is the section of your clients MSC brief.

G.
Kaiser'sPositionR eSettlement
gnoring forpurposes ofthis settlement conference whether the Transfer Agreement and
the settlement Agreement were procured by fraud on the part ofthe Deans by their failure to
1 0 return all PHI to Kaiser and whether Kaiser will file an amended complaint, it cannot reasonably
1 b e disputed that Kaiserowes the Deans nothing further for their services and that the Deans have
1 2 settled or otherwise waived any claim against Kaiser. Thus, continuing demands from the Deans
1 3 for hundreds ofthousands ofdollars are baseless. Kaiser is not willing to consider such demands.
14
However, in an effort to bring this litigation toa conclusion Kaiser is willing to discuss a
1 snominal settlement payment to the Deans in exchange for either a permanent injunction
1 6 concerning the use and disclosure of any Kaiser PHI, or an agreement by the Deans to surrender
1 7 their computers and allow inspection of their email accounts to assure that all Kaiser PHI has
18 beenremoved.
19
20 Dated: September 5, 2013
21
22
23
24
25
26
27
28
MARION'S INN LLP
Thomas M. Freeman
Sarah Edwards
Thomas M. Freeman
Attorneys for plaintiffs Kaiser Foundation Heal

Page 23 line 4.


To avoid protracted litigation the Deans are willing to settle the entire matter including stipulating to a permanent injunction regarding use and disclosure our demand is 1.5 million.  Our offer is good until 5 pm tomorrow. Please reply with your clients answer.

Thank You
The Deans
323 314 9692

Sent from my iPhone

| From: | My InfoStephan Dean |
|---|---|
| To: | Jack Burns; Jill Pietrini; Paul Bost; Lawstef7771@yahoo.com |
| Subject: | Fw: MSJ Ruling |
| Date: | Tuesday, November 29, 2022 9:04:38 AM |
| Attachments: | show_tempMSJ RULING Scarsi.pdf |

Mr. Burns. The Deans made an offer yesterday to settle this matter for 1.5 million and that offer expires today at 5pm. The court has made it very clear that the Breach of contract claim is triable. We plan on, as the court clearly directs, to introduce extrinsic evidence to prove that your client made part of the dispute use of the Kaiser name and trademark. By executing the agreement your client released matters relating to the dispute or all claims. We can prove the parties intent.

Secondly both parties agreed that no money would be owed, see section B and C of the agreement. At trial we will by facts and law prevail and get this issue settled. Your client cannot by agreement pursue money damages.

The reason in 2013 your client cut and ran was the extrinsic evidence, we assure you we are going to trial if your client doesn't settle. Please relay our 1.5 million offer and get back with your client's response by 5 pm today. This offer isn't coming back and things will only get worse for your client.

Extrinsic evidence may only "be admitted to explain the meaning of a writing when the meaning urged is one to which Case 5:22-cv-00278-MCS-KK Document 81 Filed 11/22/22 Page 7 of 22 Page ID #:1510 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 8 the written contract term is reasonably susceptible or when the contract is ambiguous." Hayter Trucking, Inc. v. Shell W. E&P, Inc., 18 Cal. App. 4th 1, 15 (1993). "If a writing is intended by the parties as a 'complete and exclusive statement of the terms of the agreement,'" a contract is fully integrated. Esbensen v. Userware Int'l, Inc., 11 Cal. App. 4th 631, 637 (1992) (quoting Cal. Civ. Proc. Code § 1856(b)). Determination as to whether an agreement is fully integrated is a question of law for the court. Hayter Trucking, 18 Cal. App. 4th at 14. The settlement agreement contains a clause affirming it "states the entire agreement among the parties" and "supersedes" any "prior agreements, negotiations or understandings." (Settlement Agreement § 18.) The Court therefore concludes the settlement agreement is a fully integrated contract. Consequently, extrinsic evidence may only be used as proof of a meaning to which the settlement agreement is "reasonably susceptible" or to the extent the "contract is ambiguous." Hayter Trucking, 18 Cal. App. 4th at

Page 9 line 5 of attached ruling.

Even if the Court were to assume the "other claims [alleged] against [KFHP] which [KFHP] has disputed" language made the contract sufficiently ambiguous, the proffered evidence would still not change the outcome. "An essential element of any contract is 'consent.'" Flick, 60 Cal. App. 4th at 811 (quoting Cal. Civ. Code § 1550). For consent to be valid, it must be mutual. Id.; Cal. Civ. Code § 1565. "Consent is not mutual, unless the parties all agree upon the same thing in the same sense." Flick, 60 Cal. App. 4th at 811 (quoting Cal. Civ. Code § 1580). Ultimately, "contracts must be enforced according to the 'mutual intention of the parties as it existed at the time of contracting.'" Id. (quoting Cal. Civ. Code § 1636.)

---

**From:** My InfoStephan Dean
**Sent:** Monday, November 28, 2022 7:54 AM
**To:** Lawstef7771@yahoo.com <lawstef7771@yahoo.com>
**Subject:** MSJ Ruling

| | |
|---|---|
| **From:** | My InfoStephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Evidence |
| **Date:** | Wednesday, November 30, 2022 9:15:26 AM |

Ms. Burke felt that KP is entitled to enforce its mark, why did she get her client to release the claim? The Deans have not breached the settlement agreement because Kaiser didn't retain the claim. Is your client prepared to tell the court it has authority to add a term they now wish was there, in a fully integrated document? Please see below, the evidence is very compeling and we have lots of it. The Deans are willing to settle but it will require compensation , this won't go well for your client.

"The settlement agreement contains no provisions explicitly related to the use of the KFHP marks, and courts are not at liberty to read into a contract language that is demonstrably not there. See, e.g., Moss Dev. Co. v. Geary, 41 Cal. App. 3d 1, 9 (1974) ("Courts will not add a term to a contract about which the agreement is silent."); Vons Cos., Inc. v. U.S. Fire Ins. Co., 78 Cal. App. 4th 52, 59 (2000) ("We do not have the power to create for the parties a contract that they did not make and cannot insert language that one party now wishes were there.")."

From: Holly.B.Burke@kp.org <Holly.B.Burke@kp.org>
Subject: Re: Action: Claim of Surefile
To: lawstef7771@yahoo.com
Date: Wednesday, January 12, 2011, 6:59 PM

Tom,

I would suggest a phone call. I'm available to chat tomorrow from 8:30 am - 9 am or from 10 - 11 am.

Please note that the no publicity clause applies across the board to all of our vendors. I believe it is enforceable as Kaiser Permanente is a protected mark. I believe KP is firmly entitled to prevent a party from using this mark and logo for commercial purposes.

Cheers,
Holly

"Even if the Court were to assume the "other claims [alleged] against [KFHP] which [KFHP] has disputed" language made the contract sufficiently ambiguous, the proffered evidence would still not change the outcome. "An essential element of any contract is 'consent.'" Flick, 60 Cal. App. 4th at 811 (quoting Cal. Civ. Code § 1550).

For consent to be valid, it must be mutual. Id.; Cal. Civ. Code § 1565. "Consent is not mutual, unless the parties all agree upon the same thing in the same sense." Flick, 60 Cal. App. 4th at 811 (quoting Cal. Civ. Code § 1580). Ultimately, "contracts must be enforced according to the 'mutual intention of the parties as it existed at the time of contracting.'" Id. (quoting Cal. Civ. Code § 1636.)"

| From: | My InfoStephan Dean |
|---|---|
| To: | Jack Burns; Jill Pietrini; Paul Bost |
| Subject: | Motion to dismiss/Meet confer |
| Date: | Sunday, December 4, 2022 10:50:37 AM |
| Attachments: | Surefile Agreement 20110001 (3).pdf |
| | show_tempMSJ RULING Scarsi.pdf |

Mr. Burns,

The Deans will be filing a Motion to dismiss based on the court's 11/22 ruling (Fully integrated Agreement) no later than this Wednesday 12/7. The parties need to meet and confer per rule 7-3. Please see below. We also think it maybe time to settle this matter, Mr. Stefanelli is authorized to represent the Deans in Settlement negotiations.

 The court's 11/22 ruling is predicated on the Deans claiming rights through omission, not the parties( Bi Lateral) compromise of all claims (Section B, C of Agreement).  The court has ruled neither party can add terms to a fully integrated agreement including the court, and extrinsic evidence can be used only to determine a meaning "reasonably " susceptible, we will provide a Declaration from Mr. Stefanelli  (Declaration Tom Stefanelli) proving Kaisers release or consent of release to Trademark claims.

 Based on the courts 11/22 ruling the Deans will be asking the court to Dismiss the present Breach of contract claim with prejudice and because of the new evidence (Fully Integrated Agreement), not order any permanent injunctions regarding Kaiser trademarks or alternatively not order the trademark injunctions until the Breach of the Settlement agreement has been fully adjudicated.


1. Court's ruling 11/22 on the Agreement being a fully integrated document and extrinsic evidence may only be used as proof of a meaning "reasonably susceptible":

Determination as to whether an agreement is fully integrated is a question of law for the court. Hayter Trucking, 18 Cal. App. 4th at 14. The settlement agreement contains a clause affirming it "states the entire agreement among the parties" and "supersedes" any "prior agreements, negotiations or understandings." (Settlement Agreement § 18.) The Court therefore concludes the settlement agreement is a fully integrated contract. Consequently, extrinsic evidence may only be used as proof of a meaning to which the settlement agreement is "reasonably susceptible" or to the extent the "contract is ambiguous." Hayter Trucking, 18 Cal. App. 4th at 15.


2.  Please seeSettlement Agreement section B. C  :

Declaration of Tom Stefanelli.  Emails of Trademark usage. Burke email

"I have revised the Settlement and Release Agreement to incorporate the following changes: (a) definition of "third parties" as requested by Mr. Dean; and (b) change of the Effective Date to Jan. 14, 2011.  I have kept the $110,000 amount in the agreement. In addition, I have highlighted text in the confidentiality clause that may give your client comfort that he is permitted to make disclosures that are "required or compelled by law".

As I mentioned in my email last night, I believe the Publicity clause in the executed contract with Surefile restricts Surefile from using the KP name or logo without KP consent (see email below). KP does not intend to modify this requirement. If Surefile wants to use KP's name, Mr. Dean should contact Jules Parent in KP's Procurement & Supply organization, to obtain prior written consent. Mr. Dean has Jules' contact info"

11/22 Ruling


.Even if the Court were to assume the "other claims [alleged] against [KFHP] which [KFHP] has disputed" language made the contract sufficiently ambiguous, the proffered evidence would still not change the outcome. "An essential element of any contract is 'consent.'" Flick, 60 Cal. App. 4th at 811 (quoting Cal. Civ. Code § 1550). For consent to be valid, it must be mutual. Id.; Cal. Civ. Code § 1565. "Consent is not mutual, unless the parties all agree upon the same thing in the same sense." Flick, 60 Cal. App. 4th at 811 (quoting Cal. Civ. Code § 1580). Ultimately, "contracts must be enforced according to the 'mutual intention of the parties as it existed at the time of contracting.'" Id. (quoting Cal. Civ. Code § 1636.)

Please let me know your thoughts.

Declaration Tom Stefanelli Burke email.


Date: Saturday, January 8, 2011, 12:31 PM


Dear Tom,

I apologize for failing to respond to you on Friday. My day was a bit off-track - as I spent the afternoon having emergency root canal surgery. Oh well.

As you can imagine, I'm a bit disappointed we couldn't close this off last year. I fear that Mr. Dean is backing himself into a corner with little upside.

As you are aware, my client's offer to do a complete settlement in consideration for a payment of $110,000 has expired. Sounds to me like your client never really intended to do a complete release. I had tried to be very clear that the only basis for resuming discussions with Mr. Dean last year was based on Mr. Dean's agreement to release all claims. I was quite surprised that Mr. Dean felt he had some surviving claims.

We are interested in discussing this matter again when and if Mr. Dean is willing to do a complete release. At that point, my client has said that it would recalculate the settlement amount to take out any "premium" above industry rates that was part of our offer to settle last year. I think this means that KP's offer (if any) at this point would be based on industry time and materials rates, which would be less than that offered last year.

Please let me know how you want to proceed.

11/22 Ruling

The settlement agreement contains no provisions explicitly related to the use of the
KFHP marks, and courts are not at liberty to read into a contract language that is
demonstrably not there. See, e.g., Moss Dev. Co. v. Geary, 41 Cal. App. 3d 1, 9 (1974)
("Courts will not add a term to a contract about which the agreement is silent."); Vons
Cos., Inc. v. U.S. Fire Ins. Co., 78 Cal. App. 4th 52, 59 (2000) ("We do not have the
power to create for the parties a contract that they did not make and cannot insert
language that one party now wishes were there.").


 In closing, please consider the material facts at this juncture, we want to settle and avoid motion practice
and waste the court's time and the eventual futility for your client Kaiser. Please reach out to Mr.
Stefanelli.

The Deans
323 314 9692

| | |
|---|---|
| **From:** | Stephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Confidential Settlement Offer |
| **Date:** | Monday, December 5, 2022 11:22:46 AM |

Mr. Burns, appreciate your speaking with me this morning.  As expected you weren't able to provide anywhere in the Settlement agreement Kaiser having any affirmative claims.  The court has ruled this is fully integrated agreement, therefore your client is out of bullets.  The Deans propose that we settle this matter.

The Deans will agree to settle for 2.5 million.  This offer expires today at 5 pm. Please relay this offer to your client and get back with their response.

Thank You
Stephan Dean
323 314 9692

Sent from my iPhone

| | |
|---|---|
| **From:** | My InfoStephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Confidential Settlement Offer |
| **Date:** | Thursday, December 8, 2022 11:48:48 AM |
| **Attachments:** | Surefile Agreement 20110001 (3).pdf |
| | 120926 Settlement Agreement_final (1).pdf |

Mr. Burns. The Deans are having a motion to dismiss prepared as this email is being sent. The evidence (Declaration of Tom Stefanelli)  and the law will only prove that your client made as part of consideration (Kaiser made it part of the negotiations) any affirmative claims Kaiser may have to its trademark or anything else (Consent). Your client's acceptance by Laurel Junks signature and the funds being Deliverd makes the agreement binding.  Offer, Acceptance (Consent),Consideration.  The court has ruled this is a fully integrated agreement, and the agreement has no legal mechanism giving Kaiser any affirmative claims.

I have attached the agreement Kaiser drafted in September of 2012 prior to filing the lawsuit in State court, as well as the current agreement before the court.  The Deans demanded 8 million to execute it in 2012, Kaiser instead decided to learn a lesson in futility.  Let's not allow this to happen again, the Deans will settle this matter for 5 million dollars and agree to sign this agreement from 2012 plus allow entry of a permanent injunction regarding the trade mark claims and PHI use and disclosure.  This offer is good until tomorrow 12/9 1pm.


Page 9 of the courts 11/22 ruling.

Even if the Court were to assume the "other claims [alleged] against [KFHP] which [KFHP] has disputed" language made the contract sufficiently ambiguous, the proffered evidence would still not change the outcome. "An essential element of any contract is 'consent.'" Flick, 60 Cal. App. 4th at 811 (quoting Cal. Civ. Code § 1550). For consent to be valid, it must be mutual. Id.; Cal. Civ. Code § 1565. "Consent is not mutual, unless the parties all agree upon the same thing in the same sense." Flick, 60 Cal. App. 4th at 811 (quoting Cal. Civ. Code § 1580). Ultimately, "contracts must be enforced according to the 'mutual intention of the parties as it existed at the time of contracting.'" Id. (quoting Cal. Civ. Code § 1636.)


The Deans
323 314 9692

| From: | Chris Dean |
|---|---|
| To: | Jack Burns; Jill Pietrini; Paul Bost |
| Subject: | Yanez v. United States, 753 F. Supp. 309 (N.D. Cal. 1990) :: Justia Settlement offer |
| Date: | Monday, December 19, 2022 11:07:40 AM |

Mr. Burns , attached is case law which precludes your client from changing its position.  I have copied and pasted the general rule of the ninth circuit regarding judicial estoppel. Your client can't ask Judge Scarsi to change his ruling and you can't change your position regarding a fully integrated settlement agreement.  As I stated last week a motion to dismiss is being drafted.  To avoid this being filed and more litigation, which will be a lesson in futility for your client, please relay this offer.  It expires tomorrow at 1 pm.  The Deans demand six million dollars plus all fees for motion practice. Please respond.

The Deans

323 314 9692


"The government argues that Yanez should be barred by judicial estoppel from bringing forward a new theory of liability in this action because Yanez had argued in the state court action that the cause of the accident was a defect in the dextrinated lead azide.

The general rule of judicial estoppel in the Ninth Circuit is the following:


A plaintiff who has obtained relief from an adversary by asserting and offering proof to support one position may not be later heard *in the same court* to contradict himself in an effort to establish *against the same adversary* a second claim inconsistent with his earlier contention. Such use of inconsistent positions would most flagrantly exemplify that "playing fast and loose with the courts" which has been emphasized as an evil the courts should not tolerate. *State of Arizona v. Shamrock Foods Co.,* 729 F.2d 1208, 1215 (9th Cir. 1984), *cert. denied,* 469 U.S. 1197, 105 S. Ct. 980, 83 L. Ed. 2d 982 (1985), *quoting Scarano v. Central R. Co. of New Jersey,* 203 F.2d 510, 513 (3d Cir.1953) (emphasis added)."


https://law.justia.com/cases/federal/district-courts/FSupp/753/309/1460276/


Sent from my iPhone

| | |
|---|---|
| **From:** | Chris Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Re: Yanez v. United States, 753 F. Supp. 309 (N.D. Cal. 1990) :: Justia Settlement offer |
| **Date:** | Monday, December 19, 2022 1:15:40 PM |

Mr. Burns, as Kaisers agent you are required to submit all offers made to your client. Please relay our offer of today to them.  Please also reply back to us no later than tomorrow 12/20 1pm with your clients response.
The Deans
323 314 9692

Sent from my iPhone

On Dec 19, 2022, at 11:06 AM, Chris Dean <surefile@icloud.com> wrote:

Mr. Burns , attached is case law which precludes your client from changing its position.  I have copied and pasted the general rule of the ninth circuit regarding judicial estoppel. Your client can't ask Judge Scarsi to change his ruling and you can't change your position regarding a fully integrated settlement agreement.  As I stated last week a motion to dismiss is being drafted.  To avoid this being filed and more litigation, which will be a lesson in futility for your client, please relay this offer.  It expires tomorrow at 1 pm.  The Deans demand six million dollars plus all fees for motion practice. Please respond.

The Deans

323 314 9692

"The government argues that Yanez should be barred by judicial estoppel from bringing forward a new theory of liability in this action because Yanez had argued in the state court action that the cause of the accident was a defect in the dextrinated lead azide.

The general rule of judicial estoppel in the Ninth Circuit is the following:

A plaintiff who has obtained relief from an adversary by asserting and offering proof to support one position may not be later heard *in the same court* to contradict himself in an

effort to establish *against the same adversary* a second claim inconsistent with his earlier contention. Such use of inconsistent positions would most flagrantly exemplify that "playing fast and loose with the courts" which has been emphasized as an evil the courts should not tolerate. *State of Arizona v. Shamrock Foods Co.,* 729 F.2d 1208, 1215 (9th Cir. 1984), *cert. denied,* 469 U.S. 1197, 105 S. Ct. 980, 83 L. Ed. 2d 982 (1985), *quoting Scarano v. Central R. Co. of New Jersey,* 203 F.2d 510, 513 (3d Cir.1953) (emphasis added)."

https://law.justia.com/cases/federal/district-courts/FSupp/753/309/1460276/

Sent from my iPhone

**From:**      Chris Dean
**To:**        Jack Burns; Jill Pietrini; Paul Bost
**Subject:**   Kaiser representation
**Date:**      Tuesday, December 20, 2022 2:19:11 PM

Mr. Burns, is your firm still representing Kaiser?  We made a settlement demand yesterday and respectfully asked for a response from your client today by 1pm.  Please as a courtesy give us their response, we question if you have done your duty as their agent.

We need to get a response or we will seek the court's assistance in this matter.  As stated yesterday we are having a motion to dismiss prepared and will be filled shortly.

The Deans
323 314 9692


Sent from my iPhone

**From:**     Chris Dean
**To:**       Jack Burns; Jill Pietrini; Paul Bost
**Subject:**  Confidential Settlement Demand
**Date:**     Wednesday, December 21, 2022 6:47:16 AM

Good morning. The Deans respectfully ask that you relay this settlement demand to your client.

The Deans are demanding 8 million dollars plus all fees for motion practice to settle.  This is the same demand we made a decade ago.  This demand expires 12/27/22 a letter of intent will be required to retain this offer of settlement no later than 12/27/22

The Deans
323 314 9692
Sent from my iPhone

| From: | Stephan Dean |
|-------|--------------|
| To: | Jack Burns |
| Cc: | Jill Pietrini; Paul Bost |
| Subject: | Re: Confidential Settlement Communication |
| Date: | Friday, March 10, 2023 2:58:27 PM |

We will also agree to stipulate to a permanent injunction regarding use / Disclosure and trademarks for 8.5 million plus the tax on the settlement and state taxes the Deans owe and fees for attorneys I owe. Please propose both offers.

Thank You

Sent from my iPhone

> On Mar 10, 2023, at 2:32 PM, Jack Burns <JBurns@sheppardmullin.com> wrote:
>
> Good afternoon Mr. Dean,
>
> I will relay your settlement communication to Kaiser.
>
> Thanks,
>
> Jack F. Burns
> +1 619-338-6588 | direct
> JBurns@sheppardmullin.com | http://www.sheppardmullin.com/jburns
>
> SheppardMullin
> 501 West Broadway, 19th Floor
> San Diego, CA 92101-3598
> +1 619-338-6500 | main
> www.sheppardmullin.com | LinkedIn.Com/Company/Sheppard-Mullin-Richter-&-Hampton-LLP/ |
Twitter.Com/SheppardMullin
>
>
> -----Original Message-----
> From: Stephan Dean <Surefile@msn.com>
> Sent: Friday, March 10, 2023 2:30 PM
> To: Jack Burns <JBurns@sheppardmullin.com>; Jill Pietrini <JPietrini@sheppardmullin.com>; Paul Bost
<PBost@sheppardmullin.com>
> Subject: Confidential Settlement Communication
>
> Mr. Burns,
>
> Please relay our offer to your client. We offer this to avoid more motion practice and to give your client what they
are wanting.
>
> The Deans will agree to stipulate to dismiss the entire matter with prejudice. In return Kaiser will dismiss the fee
award and drop the motion. Your client will not have to pay the Deans a penny. Although your client will forfeit
any injunctions that could be issued now or in the future.
>
> Please respond asap.
>
> The Deans
>
> Sent from my iPhone

>

> Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

>

| | |
|---|---|
| **From:** | Stephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Settlement |
| **Date:** | Wednesday, May 3, 2023 5:16:20 PM |

Good afternoon. Any chance of settling this matter?

The Deans
323 314 9692

Sent from my iPhone

| | |
|---|---|
| **From:** | Thomas Stefanelli |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Cc:** | steven dean |
| **Subject:** | Stephan Dean |
| **Date:** | Thursday, May 4, 2023 11:48:55 AM |

Good morning.  As you know, I am the attorney who represents Stephan Dean for settlement/negotiation purposes.  Mr. Dean has notified me that the court has elected to proceed with the Motion for Summary Judgment without oral argument.  He believes that this bodes very well for his chance of successfully defending this Motion and the entire dispute.  I have been advised that the parties were ordered to Mediation and that a request was made for a settlement conference with a magistrate Judge.  This email is meant to be in furtherance of settlement attempts.

Mr. Dean's position, as you know, is that he and Kaiser have a fully integrated agreement/release which effectively blocks Kaiser from any legal remedy against him for the issues raised namely breach of contract/damages/trademark issues/patient information issues.  In short, there is no mechanism by which Kaiser can hold Mr. Dean liable and further, Kaiser released any liability or obligation.

Mr. Dean has been offering to settle with Kaiser and will agree to sign a full unilateral release in return for a payment in the amount of $8 Million, plus attorney fees and any back taxes owed upon the settlement. If this offer is not accepted by May 5 at 5 P.M. or if a ruling in his favor is issued before May 5 at 5 P.M., this offer is withdrawn and void.  At that point his settlement demand will be significantly higher.

Thank you.

Thomas Stefanelli, Esq.
760-323-3060

| | |
|---|---|
| **From:** | Stephan Dean |
| **To:** | Jack Burns |
| **Subject:** | Re: Re. KPHEALTHCONNECTusa.com |
| **Date:** | Friday, June 2, 2023 6:35:22 PM |

See you in court.

Sent from my iPhone

> On Jun 2, 2023, at 6:13 PM, Jack Burns <JBurns@sheppardmullin.com> wrote:
>
> Mr. Dean,
>
> We do not agree with your proposed website.  Kaiser will seek contempt sanctions against the Deans for any actions that violate the judgment, including, but not limited to, the Deans' use of Kaiser's intellectual property in a domain name or on a website or offering to disclose any Kaiser patient information.
>
> Sincerely,
>
> Jack F. Burns
> +1 619-338-6588 | direct
> JBurns@sheppardmullin.com | http://www.sheppardmullin.com/jburns
>
> SheppardMullin
> 501 West Broadway, 19th Floor
> San Diego, CA 92101-3598
> +1 619-338-6500 | main
> www.sheppardmullin.com | LinkedIn.Com/Company/Sheppard-Mullin-Richter-&-Hampton-LLP/ | Twitter.Com/SheppardMullin
>
>
> -----Original Message-----
> From: Stephan Dean <Surefile@msn.com>
> Sent: Friday, June 2, 2023 3:16 PM
> To: Jack Burns <JBurns@sheppardmullin.com>; Jill Pietrini <JPietrini@sheppardmullin.com>; Paul Bost <PBost@sheppardmullin.com>
> Subject: Re. KPHEALTHCONNECTusa.com
>
>
>
>
> Mr. Burns,
>
> In line with yesterdays order the Deans are repurposing the website associated with the domain name KPHEALTHCONNECTUSA.com.  The website will comply with the ruling from the court dated 6/1/23.
>
> The Deans wish to direct Kaiser patients to your client for information regarding access to their PHI the Deans are preserving.  Would the present Kaiser information on the website be acceptable to your client? Please respond, if we get no response we will reach out directly to your client.
>
> The Deans
>
> Sent from my iPhone
>
> Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you

received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:**      Stephan Dean
**To:**        Jack Burns; Jill Pietrini; Paul Bost
**Subject:**   No Trademark infringement injunction
**Date:**      Friday, June 2, 2023 9:20:22 AM

Mr. Burns,

The Deans are not enjoined from. "Domain name"The Deans are glad that this matter is resolved.

"f. Using the KFHP Marks, or any other mark, name, symbol,
or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the KFHP Marks, as a trade name or as part of a domain name or social media handle or account name;"

Sent from my iPhone

**From:**      Chris Dean
**To:**        Jack Burns; Jill Pietrini; Paul Bost
**Subject:**   Individuals' Right under HIPAA to Access their Health Information | HHS.gov
**Date:**      Sunday, June 4, 2023 8:14:53 AM

The Deans are allowed to charge for requests for information.

https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html

Sent from my iPhone

| | |
|---|---|
| **From:** | Stephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Proposal |
| **Date:** | Wednesday, July 5, 2023 1:14:17 PM |

Mr. Burns,

Good afternoon. Would your client consider a more final resolution to our dispute?  The Deans would like to avoid filing the appeal and resolve matters.

The Deans are prepared to settle matters inline with what your client didn't get in the litigation.  Please let us know.
Stephan Dean
323 314 9692

Sent from my iPhone

**From:**       My InfoStephan Dean
**To:**         Jack Burns; Jill Pietrini
**Subject:**    Please consider
**Date:**       Tuesday, July 25, 2023 8:57:23 AM

Mr. Burns,

Please ask your clients to consider our last offer to avoid a costly appeal and let us know today. The court clearly erred by granting the SLAPP and motion to dismiss. The Deans can prove that the motions are the same and were factual and precluded dismissal. Quoted below is from a footnote in your client's reply.

"consider "summary judgment-type evidence" to determine whether subject matter jurisdiction exists. Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). If the Court considers jurisdiction, it should also consider this evidence."

https://www.jdsupra.com/legalnews/ninth-circuit-clarifies-standards-for-73308/#:~:text=The%20district%20court,fact%20precluded%20dismissal.

The district court denied the anti-SLAPP motion. Because the defendants' arguments under Rule 12 were identical to those in the anti-SLAPP motion, the district court concluded that it need only assess the sufficiency of the plaintiff's complaint. When the defendants raised factual defenses, the district court held questions of fact precluded dismissal.

The Planned parenthood case which the court used was not granted because of the above.

| | |
|---|---|
| **From:** | Stephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Confidential Settlement Communication |
| **Date:** | Thursday, December 7, 2023 1:50:33 PM |

Mr.Burns,

It's been 17 weeks now and it is evident that the Ninth circuit is looking at this case seriously. If it was frivolous we would have gotten a response weeks ago.

We want to settle this and it maybe in your clients best interest to do so. The facts and the law are clear this case will be remanded. *Trident Center v. Connecticut General Life Ins. Co.*, 847 F.2d 564 (9th Cir. 1988).

To avoid this the Deans would agree to drop the Appeal and let things stand. The demand for this is 3 million. If we get the chance to move forward on Appeal we assure you the demand will be substantially higher.

Please ask your client to consider this offer and maybe this matter can be resolved before the end of this year.

Thank You
Stephan Dean
323 314 9692
Sent from my iPhone

| | |
|---|---|
| **From:** | Stephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Appeal |
| **Date:** | Thursday, February 15, 2024 8:16:52 AM |

Mr.Burns,

Tomorrow is going to be seven months since the last docket entry.  I believe it would be safe to say that the court is having a challenge agreeing with the District courts ruling that this is a frivolous appeal.

The Deans are willing to fight  and want a jury trial  ( years away) if given the chance and strongly feel the Appeal will be allowed to go forward.  We are considering asking the Ninth  circuit to appoint a pro bono lawyer. (Kicking)

We are willing to settle now at a far less amount then if we are allowed to continue the appeal.  Is your client interested in settling this now to avoid potentially protracted litigation?

Please respond.

The Deans
323 314 9692
Sent from my iPhone

| | |
|---|---|
| **From:** | My InfoStephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Appeal |
| **Date:** | Friday, February 16, 2024 7:08:55 AM |

*Mr. Burns, please ask your client to consider settling this now, before the Ninth circuit decides if the appeal is frivolous. The alternative is stated below and our evidence proves ambiguity. We will either move for summary judgement or have a trial once the appeal is done.*

*If the decision remains wait and see if the appeal will move forward, then settlement will be far more costly for your client. Please let's end this now.  We respectfully ask for your client's response on this offer. .*

*Trident Center v. Connecticut General Life Ins. Co.*, 847 F.2d 564, 570 n.6 (9th Cir. 1988) ("Nothing we say should be construed as foreclosing Connecticut General from moving for summary judgment after completion of discovery; given the unambiguous language of the contract itself, such a motion would succeed unless Trident were to come forward with extrinsic evidence sufficient to render the contract reasonably susceptible to Trident's alternate interpretation, thereby creating a genuine issue of fact resolvable only at trial. ")

Thank You
The Deans
323 314  9692

| From: | Stephan Dean |
|---|---|
| To: | Jack Burns |
| Cc: | Jill Pietrini; Paul Bost; Toy Dykes |
| Subject: | Re: Telephone call |
| Date: | Monday, April 1, 2024 4:58:39 PM |

Will you except our State complaint via email or should I file it on Kaiser directly?

We are also willing to settle and avoid protracted litigation. Please advise?

Thank You
Sent from my iPhone

> On Apr 1, 2024, at 4:32 PM, Jack Burns <JBurns@sheppardmullin.com> wrote:
>
> Mr. Dean,
>
> We continue to represent Kaiser.  We do not think that the court will be receptive to further lawsuits by the Deans on this matter.  If the Deans bring such a lawsuit, we will oppose it.  At this point, particularly after the Ninth Circuit's ruling today, we would think that the Deans would want to find better use of their time.
>
> In addition, we note that the Deans have still not paid the $50,804.89 in attorney's fees that the Court ordered them to pay almost two years ago.
>
> Please tell me if you would still like to hold a call tomorrow, or if I have sufficiently answered your question via email.
>
> Thank you,
>
> Jack F. Burns
> +1 619-338-6588 | direct
> JBurns@sheppardmullin.com | http://www.sheppardmullin.com/jburns
>
> SheppardMullin
> 501 West Broadway, 19th Floor
> San Diego, CA 92101-3598
> +1 619-338-6500 | main
> www.sheppardmullin.com | LinkedIn.Com/Company/Sheppard-Mullin-Richter-&-Hampton-LLP/ | Twitter.Com/SheppardMullin
>
>
> -----Original Message-----
> From: Stephan Dean <Surefile@msn.com>
> Sent: Monday, April 1, 2024 4:12 PM
> To: Jack Burns <JBurns@sheppardmullin.com>
> Cc: Jill Pietrini <JPietrini@sheppardmullin.com>; Paul Bost <PBost@sheppardmullin.com>; Toy Dykes <TDykes@sheppardmullin.com>
> Subject: Re: Telephone call
>
> Thanks for your quick response.  It appears I just can't catch a break in Federal court.
>
> I'm planning on filing in State court again before the statute runs out.  My question is and we can discuss tomorrow is, is your firm still going to represent KP?
>
> Please call me tomorrow at your convenience.

> Thanks
> Sent from my iPhone
>
>> On Apr 1, 2024, at 4:04 PM, Jack Burns <JBurns@sheppardmullin.com> wrote:
>>
>> Mr. Dean,
>>
>> I could fit in a short call tomorrow.  Is there a time that works for you?
>>
>> Thanks,
>>
>> Jack F. Burns
>> +1 619-338-6588 | direct
>> JBurns@sheppardmullin.com | http://www.sheppardmullin.com/jburns
>>
>> SheppardMullin
>> 501 West Broadway, 19th Floor
>> San Diego, CA 92101-3598
>> +1 619-338-6500 | main
>> www.sheppardmullin.com | LinkedIn.Com/Company/Sheppard-Mullin-Richter-&-Hampton-LLP/ |
Twitter.Com/SheppardMullin
>>
>>
>> -----Original Message-----
>> From: Stephan Dean <Surefile@msn.com>
>> Sent: Monday, April 1, 2024 3:40 PM
>> To: Jack Burns <JBurns@sheppardmullin.com>; Jill Pietrini <JPietrini@sheppardmullin.com>; Paul Bost
<PBost@sheppardmullin.com>
>> Subject: Telephone call
>>
>> Mr, Burns.
>>
>> Could we please have a short telephone conversation. If so when would you be available?
>>
>> Stephan Dean
>> 323 314 9692
>> Sent from my iPhone
>>
>> Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If
you received this transmission in error, please notify the sender by reply e-mail and delete the message and any
attachments.
>

| | |
|---|---|
| **From:** | My InfoStephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Courtesy Copy |
| **Date:** | Monday, April 29, 2024 10:26:28 AM |
| **Attachments:** | DEAN COMPLAINT 041824 (1).doc |

Mr. Burns,

Please forward this complaint which will be filled this week in Palm Springs.  We will have it served on your client in Sacramento as you have directed. This is a draft and obviously will be formatted correctly. The exhibits your client has already seen so not attached but will be in the court filing. Why are we sending this?

The reason is to avoid protracted litigation.  Is it possible to settle this out of court, we hope that your client will consider this ?   Please respond if not we will proceed.

The Deans
323 314 9692

| **From:** | My InfoStephan Dean |
|---|---|
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | DEAN V KAISER |
| **Date:** | Monday, May 20, 2024 9:48:50 AM |

Mr. Burns,


Please review with your client the filed complaint and advise by tomorrow whether the matter can be resolved to avoid further litigation.

Thank You
Stephan Dean
323 314 9692`

| From: | Stephan Dean |
|---|---|
| To: | Jack Burns; Jill Pietrini; Paul Bost |
| Subject: | Please contact me |
| Date: | Monday, June 3, 2024 9:13:52 AM |

Mr. Burns,

Could we try and settle this matter out of court? The Deans are willing to  avoid costly litigation. The matter was resolved through the court a decade ago.

Your client had their one shot to bring thier claims against the Deans back in 2013. Your client dismissed with prejudice their one shot, and are barred from a action they could have taken in the first action.  They must now accept the consequences of their decision.

This limitation stems from the Seventh Amendment of the U.S. Constitution, which says, "no fact tried by a jury shall be otherwise reexamined in any court of the United States, and the doctrine of res judicata (also called claim preclusion).

Res judicata is a common law doctrine (created by judges through written opinions) that bars parties who have received a final judgment on a claim's merits from litigating that cause of action again.

But res judicata goes further; it bars the litigation of causes of action that you could have brought in the first case. As courts have held, res judicata applies to claims tendered in the pleadings and "to every claim which properly belonged to the subject of litigation and which the parties, by the exercise of reasonable diligence, might have raised at the time."

Res judicata's rationale: "Every litigant should have opportunity to present whatever grievance he may have," but if allowed to do so and "having failed to avail himself of it, he must accept the consequences."

The courts ruling on the Deans MSJ in 2013 ( Burke Declaration Docket 53-2 Exhibits E AND F) states the material facts. "It is a waiver of proof of a fact by conceding its truth, and it has the effect of removing the matter from the issues"  " There is no triable issue of fact the parties settled all disputes arising out of the subject agreements"

Your firm was given a very difficult task and did everything possible and are now risking everything gained. Please explain the Deans position and respond.  As Kaisers attorney stated to me over a decade ago this does not belong in court. This fact is proven because he drafted the MSJ ruling on behalf of the court ( Exhibit E).


Let's avoid more litigation, please respond.


Thank You

The Deans

323 314 9692

**From:** Stephan Dean
**To:** Jack Burns; Jill Pietrini; Paul Bost
**Subject:** Confidential Settlement Communication
**Date:** Thursday, June 6, 2024 8:40:25 AM

Mr. Burns,

I reached out to you on Monday in hopes that you would speak to your client about avoiding further litigation. Could we possibly avoid further litigation through settlement?

Tom is back from Canada and is willing to represent the Deans for settlement purposes only. He is a professional as you are and I believe the parties can resolve this matter without further motion practice. Please discuss with your client and if they agree contact Tom at 760 323 3060.

I have not filed the proof of service and really want to resolve this. The choice is up to your client. Please respond at least let's attempt settlement.

Thank You
The Deans
323 314 9692
Sent from my iPhone

| From: | Stephan Dean |
| To: | Thomas Stefanelli; Jack Burns; Jill Pietrini; Paul Bost |
| Subject: | Legal def of prudent |
| Date: | Friday, June 7, 2024 8:22:20 AM |

Mr. Burns,

I have pasted the legal definition of prudence see below.  Back in 2013 your client made a prudent move based on what they knew ( Stefanelli Declaration). It was a risk that your client could not take.

At the Settlement conference your client decided not to settle, and must except the legal consequences, which is res judicata.  Burke Declaration ( Docket 53-2 exhibits E and F).

I am going to reach out to Tom this morning and ask for a demand letter to be sent to your firm on behalf of the Deans to Kaiser to settle this saga which legally ended in September of 2013. Your client cut and ran with prejudice.

Please relay it to your client and explain the legal definition of prudent and future potential consequences by not settling.


Prudence is defined as a reasonable standard of judgment, management, and conduct under the circumstances, based on what was known or should have been known at the time a decision was made or the action was completed. Prudence involves a duty of care to others. The duty of care is increased in circumstances when there is a considerable danger of harm to public safety or economic risk to ratepayers. For example, in determining whether a defendant's conduct was reasonable, the defendant's conduct is compared to the conduct of a reasonable person in similar circumstances.

Thank You
The Deans
323 314 9692
**Sent from my iPhone**

| | |
|---|---|
| **From:** | Stephan Dean |
| **To:** | Jack Burns; Jill Pietrini; Paul Bost |
| **Subject:** | Confidential Settlement Communication |
| **Date:** | Thursday, June 13, 2024 8:38:47 AM |

Mr. Burns,

This is the Deans last attempt to avoid more litigation.  Please remind your client of this. "A final adjudication of an inferior court made within its jurisdiction is binding and conclusive upon a higher court."

The Deans extend this offer until tomorrow Friday 5/14 noon.  The Deans demand 5.5 million . In return Dean will agree to sign a new unilateral settlement agreement to supersede the March 2011 agreement ( subject of current lawsuit). The Deans only demand is that the indemnification clause remain. As was done in 2011 your client may draft it so any of their concerns are addressed.

If your client has a desire to settle this matter please contact Tom Stefanelli  at 760 323 3060. Tom is only representing the Deans for settlement purposes only. If Kaiser decides to avail themselves of this offer the Deans will no longer communicate with your firm.

Thank You
Stephan Dean
323 314 9692


Sent from my iPhone