Stephan C. Dean and Liza D. Dean
DBA Surefile Filing Systems
37187 Bankside Dr. #2
Cathedral City, CA 92234
323-314-9692
surefile@msn.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

5:25-CV02938-JGB-DTBx
Case No. 25-10142

STEPHAN DEAN and LIZA DEAN, individually known and DBA SUREFILE FILING SYTEMS,

Plaintiff(s),

vs.

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and Does 1-50 Inclusive

Defendant(s).

Removed from Riverside Superior Court, Case No. CVPS2507250

MOTION TO REMAND 28USC 1447

MOTION FOR RECONSIDERATION FRCP 60 b (4)

1. This court did not have subject matter jurisdiction in (Dean 1) case 5:22-cv-00278-MCS-KK and should render it void under FRCP 60 b 4 and the case at bar be remand for the same reasons. This court took jurisdiction of the state claims because it asserted supplemental jurisdiction in (Dean 1) See Mason & Dixon Intermodal, Inc. v. Lapmaster Int LLC, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a district court. . hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims."

2. By taking jurisdiction this court did (Dean 1) and would be in the case at bar circumventing the State courts uncontested ruling from 2013 and the most recent dismissal without prejudice by this court see ( Dean 3) Case 5:24-cv-02742-KK-SP Document 13-1 Filed 01/10/25 Page 2 of 2 Page ID #:158

3. This court did and would be permitting plaintiff to expand the issues in federal court, using state laws as a basis for removal, which after over a decade plaintiff had dismissed with prejudice. Plaintiff was given leave to amend their state action in 2013 expanding the issues see Case 2:25-cv-10142 Document 1-5 Filed 10/22/25 Page 128 of 133 Page ID #:265, but instead dismissed with prejudice leaving the courts summary judgement order intact. The order states the settlement agreement resolved not only the" disputes arising from the subject agreements" but" all outstanding issues between the parties." Kaiser conceded by not amending that they could not legally plead a cause of action that would not be defeated by the settlement agreements release in paragraph 3. Plaintiff could not give the state court legal authority ( state law) to rule otherwise.

- 1 -

Indeed, the states final order bars plaintiff from asserting state law as basis for jurisdiction. The court ruled that the settlement agreement resolved state claims (all outstanding issues). See Case 2:25-cv-10142 Document 1-5 Filed 10/22/25 Page 114 of 133 Page ID #:251 Case 2:25-cv-10142 Document 1-5 Filed 10/22/25 Page 115 of 133 Page ID #:252   Document 1-5 Filed 10/22/25 Page 116 of 133 Page ID #:253.

4.     In the case at bar plaintiff states the Atay case as bases for removal. However, Declaratory relief is a remedy and not a cause of action. Please see Case 5:22-cv-00278-MCS-KK Document 31 Filed 03/29/22 Page 9 of 10 Page ID #:914.  Kaiser conceded this fact and this court agreed, quoted below.

"Defendants submit that the remaining claim for declaratory relief must be dismissed because declaratory relief is a remedy, not an independent claim. (MTD 12.) The Court agrees. See Lopez v. Wells Fargo Bank, N.A., 727 F. App'x 425, 426 (9th Cir. 2018) ("[T]he district court properly dismissed Lopez's request for declaratory relief because Lopez had no claim upon which to request relief or remedies."); cf. Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver . . . ."). Plaintiffs do not identify, let alone sufficiently plead, any underlying claim for which a declaratory remedy may be granted. (MTD Opp'n 7–10.)"

5.     In the 2013 state case see Case 2:25-cv-10142 Document 1-5 Filed 10/22/25 Page 74 of 133 Page ID #:211  and the case at bar as well as Dean 1 and 3  declaratory relief (coercive relief) was or is the remedy, but the underlying claims in all these complaints is the breach of contract and interference claims which was or would be adjudicated under supplemental jurisdiction (state law).  Please see Case 5:22-cv-00278-MCS-KK Document 31 Filed 03/29/22 Page 7 of 10 Page ID #:912 and Case 5:24-cv-02742-KK-SP Document 13-1 Filed 01/10/25 Page 2 of 2 Page ID #:158.  Quoted below from Dean 1.

"But the claim for declaratory relief is not the subject of the motion to strike—the withdrawn breach and interference claims are. (See MTS 2.) The withdrawn state law claims rest squarely on Defendants' maintenance of the UDRP action".

6.        The breach claim at bar and in Dean 1 and the interference claim in Dean 1 being state claims are just plaintiff trying to expand the issues from the 2013 state lawsuit. A District court is not a time machine and does not have jurisdiction allowing the plaintiff to amend or expand the issues that were dismissed with prejudice guised as a motion to remove.  The Atay case differentiates itself from the case at bar because the plaintiff in Atay did not dismiss with prejudice after summary judgement was rendered.

7.     This court does not have supplemental jurisdiction and cannot legally allow plaintiff to amend their state complaint in federal court expanding the issues which are based on state law ( supplemental jurisdiction) after dismissing them with prejudice in the state action over a decade ago. Plaintiffs' basis for removal is state law in Dean 1 , 2 and in the case at bar, not declaratory relief which is a remedy. Plaintiffs' ability to remove these cases from state court and give the District court jurisdiction is predicated on state law and the states ruling from 2013 bars this.  The

INSERT DOCUMENT TITLE (e.g., MOTION TO STRIKE)

court ruled the settlement agreement resolved all state claims. The Deans respectfully ask that this case be remanded back to where the plaintiff decided to have it adjudicated over a decade ago.

8.  The District court is not a state appellate court, if plaintiff disagreed with the state courts order they could have appealed to the California court of Appeals or amended the complaint adding federal claims and attempt removal on that basis. If a lawsuit is not initially removable, a plaintiff can render it removable later, such as by adding a claim that falls under federal question jurisdiction. It's too late. Kaiser dismissed this option with prejudice in 2013. See Yokeno v. Mafnas, 973 F.2d 803, 807 n. 2 (9th Cir. 1992) ("In determining whether a declaratory judgment action presents a federal question, [courts] look either to the defendant's threatened action or to the plaintiff's claim, construed as a complaint for coercive relief") Kaiser in their state complaint was seeking coercive relief (permanent injunction) see Case 2:25-cv-10142 Document 1-5 Filed 10/22/25 Page 85 of 133 Page ID #:222.

9.  The Deans respectfully request that this court reconsider its rulings in Dean 1 case number 5:22-cv-00278-MCS-KK under FRCP 60 b (4) and render the entire case void for lack of subject matter jurisdiction and remand the case at bar. Based on this motion to remand and the ruling in ( Dean 3) Case 5:24-cv-02742-KK-SP Document 13-1 Filed 01/10/25 quoted below, which only reinforced the ruling in (Dean 2)case  5:22-cv-00278-MCS-KK plaintiffs' motion for reconsideration should be granted. The cross complaint filed by Kaiser in Dean 1 should be rendered void for lack of subject matter jurisdiction and the attorney fee award as well as any taxes should be quashed as well as the injunction issued. As stated below from Dean 3.

"Here, Plaintiffs assert two causes of action: breach of contract and declaratory relief, both arising out of claims defendant has breached a settlement agreement. A settlement agreement is a contract under California law, see Monster Energy Co. v. Schechter 7 Cal. 5th 781, 789 (2019), and the Court does not have jurisdiction. To the extent Plaintiffs attempt to argue their claim arises under the Lanham Act, the Court finds, as it did in Dean II, the Complaint is rooted in a contract breach claim and does not establish subject matter jurisdiction."

DATED: October 28, 2025

_____

_____
In Pro Per

g