SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JILL PIETRINI, Cal. Bar No. 138335
PAUL BOST, Cal. Bar No. 261531
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone:  310.228.3700
Facsimile:  310.228.3701
Email       JPietrini@sheppardmullin.com
              PBost@sheppardmullin.com

JOHN F. BURNS, Cal. Bar No. 290523
501 West Broadway, 18th Floor
San Diego, CA 92101
Telephone:  619.338.6588
Facsimile:  619.515.4182
Email:       JBurns@sheppardmullin.com
*Attorneys for Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephan Dean and Liza Dean, Individually and DBA SureFile Filing Systems,<br><br>              Plaintiffs,<br><br>      v.<br><br>Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Does 1-50 Inclusive,<br><br>              Defendants. | Case No. 5:25-cv-02938-MCS-DTBx<br>Hon. Mark C. Scarsi<br>**DEFENDANTS KAISER FOUNDATION HEALTH PLAN, INC.'S AND KAISER FOUNDATION HOSPITALS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR RECONSIDERATION**<br>*[Filed concurrently with Declaration of Jack Burns and Exhibits]*<br>Hearing:<br>Date:        Dec. 8, 2025<br>Time:        9:00 a.m.<br>Courtroom:  7C |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND ............................................................................2

    A. The Agreements Between Kaiser and Plaintiffs ....................................2

    B. The 2012 Action Over Medical Data .....................................................3

    C. Plaintiffs' Websites ................................................................................3

    D. Plaintiffs' Theories in *Dean I* ...............................................................4

    E. Denial of Remand in *Dean I* .................................................................5

    F. Brief Summary of the Court's Rulings in *Dean I* .................................5

    G. Plaintiffs' Motions for Reconsideration in *Dean I* ..............................7

    H. Plaintiffs' Filing of *Dean III* ................................................................8

III. LEGAL ARGUMENT .....................................................................................8

    A. Plaintiffs' Motion for Remand Fails .....................................................8

        1. Plaintiffs Misstate the Pertinent Jurisdictional Test ....................8

        2. Plaintiffs' Attempts to Avoid *Atay* Fail ...................................11

        3. Plaintiffs' Failure to Establish Jurisdiction in *Dean III* Does Not Support Their Arguments .........................................12

    B. Plaintiffs' Motion for Reconsideration Fails .......................................13

        1. The Court Properly Exercised Jurisdiction Over *Dean I* .............13

        2. Kaiser's Counterclaims Also Conferred Jurisdiction In *Dean I* ..............................................................................14

        3. Plaintiffs Ignore Rule 60(b)(4)'s Stringent Burden ....................15

IV. CONCLUSION ...............................................................................................16

SMRH:4898-1629-0169.2

1

TABLE OF AUTHORITIES

2

Page(s)

3

<u>Cases</u>

*Atay v. Cnty. of Maui*
   No. 14-cv-582, 2015 WL 998792 (D. Haw. Mar. 5, 2015)........................passim

*Atay v. Cty. of Maui*
   842 F.3d 688 (9th Cir. 2016) .................................................................. 9

*Cripps v. Life Ins. of N. Am*.
   980 F.2d 1261 (9th Cir. 1992) ........................................................... 14

*Dean v. Kaiser Found. Health Plan, Inc*.
   No. 23-55580, 2024 WL 2828826 (9th Cir. Apr. 1, 2024) .................................. 7

*Dean III. Me. Cmty. Health Options v. Albertsons Cos., Inc*.
   993 F.3d 720 (9th Cir. 2021) .................................................. 8, 12, 13

*Dean v. Kaiser Found. Health Plan, Inc*.
   562 F. Supp. 3d 928 (C.D. Cal. 2022)........................................ 4, 6, 11

*Dean v. Kaiser Found. Health Plan, Inc*.
   No. 5:22-cv-278, 2022 WL 18938253 (C.D. Cal. Nov. 22, 2022) .............passim

*Dean v. Kaiser Found. Health Plan, Inc*.
   No. 5:22-cv-278, 2023 WL 3551811 (C.D. Cal. Mar. 14, 2023).................... 6, 7

*Dean v. Kaiser Found. Health Plan, Inc*.
   No. 5:22-cv-278, 2023 WL 8261408 (C.D. Cal. May 31, 2023) ........................ 7

*Dean v. Kaiser Found. Health Plan, Inc*.
   No. 5:22-cv-278, 2024 WL 5439273 (C.D. Cal. Oct. 15, 2024)............. 8, 12, 14

*Dean v. Kaiser Found. Health Plan, Inc*.
   No. 5:22-cv-278, 2024 WL 5439274 (C.D. Cal. Aug. 16, 2024) ........ 7, 8, 14, 16

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal*.
   463 U.S. 1 (1983) .................................................................. 9

*Get Fit Fast Supplements LLC v. Nature's Health Connection, Inc*.
   No. 21-cv-81987, 2021 WL 10257112 (S.D. Fla. Dec. 10, 2021) .................... 10

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

*Inland Concrete Enters., Inc. v. Kraft*
  318 F.R.D. 383 (C.D. Cal. 2016) .......................................................................... 13

*Lopez v. Wells Fargo Bank, N.A.*
  727 F. App'x 425 (9th Cir. 2018) ......................................................................... 11

*Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*
  571 U.S. 191 (2014) ...................................................................................... 9, 11

*Nemaizer v. Baker*
  793 F.2d 58 (2d Cir. 1986) ............................................................................. 15, 16

*Standard Ins. v. Saklad*
  127 F.3d 1179 (9th Cir. 1997) ............................................................................. 9

*United Student Aid Funds, Inc. v. Espinosa*
  559 U.S. 260 (2010) ...................................................................................... 15, 16

*Vivian v. Labrucherie*
  214 Cal. App. 4th 267 (2013) ............................................................................. 12

*Wilcox v. Superior Court*
  27 Cal. App. 4th 809 (1994) ............................................................................... 12

Statutes

28 U.S.C. § 1331 .................................................................................................. 5

28 U.S.C. § 1338 ................................................................................. 5, 8, 9, 14

28 U.S.C. § 1441(a) ............................................................................................. 8

Other Authorities

45 C.F.R. § 164.504(e)(2)(ii)(J) ........................................................................... 3

Rule 60(b)(4) .......................................................................................... 2, 7, 15, 16

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Kaiser Foundation Health Plain, Inc. and Kaiser Foundation Hospitals (collectively, "Kaiser") oppose Plaintiffs' motion to remand and for reconsideration (Dkt. No. 17).  For ease of reference, Kaiser attaches Plaintiffs' motion as an exhibit to this opposition.

## I.    INTRODUCTION

Through two and a half years of litigation in case number 5:22-cv-278 ("*Dean I*"), this Court held that Plaintiffs cannot use Kaiser's trademarks or offer to sell Kaiser's patients' medical information.  Plaintiffs sought remand in *Dean I* for lack of jurisdiction and the Court rejected the argument, confirming its jurisdiction over the matter.  Plaintiffs then brought two motions for reconsideration challenging the Court's jurisdiction in *Dean I* and the Court denied both of them.  The Ninth Circuit dismissed Plaintiffs' appeal in *Dean I* as "frivolous."

Undeterred, Plaintiffs brought this case, which reasserts exactly the same, already-rejected arguments.  This lawsuit is in all relevant respects identical to *Dean I*.  Plaintiffs again claim that Kaiser breached the parties' 2011 settlement agreement by invalidating a domain name Plaintiffs registered in violation of federal cybersquatting and trademark law.  And Plaintiffs again seek declaratory relief, asking the Court to declare that their use of Kaiser's trademarks does not violate the federal Lanham Act.

Plaintiffs' combined motion for remand and reconsideration likewise relies on frivolous arguments that this Court has repeatedly rejected.  The jurisdictional argument that Plaintiffs rely on for their motion fails for several reasons.  *First*, under settled Ninth Circuit law, when a declaratory relief action "seeks in essence to assert a defense" to a federal action, the action is removeable to federal court.  Plaintiffs' complaint in *Dean I* sought declaratory relief as a defense to Kaiser's federal trademark cause of action and Plaintiffs' complaint here does the same.  The Court therefore had jurisdiction over *Dean I* and has jurisdiction here.  Plaintiffs' motion

SMRH:4898-1629-0169.2

fails on this basis alone. *Second*, a district court may adjudicate a counterclaim having an independent basis for federal jurisdiction. In response to Plaintiffs' *Dean I* lawsuit, Kaiser brought counterclaims against Plaintiffs based on their use of Kaiser's trademarks and patient information, and those counterclaims supplied an independent basis for federal jurisdiction in *Dean I*. *Third*, Plaintiffs misstate the standard for reconsideration. Rule 60(b)(4) relief is only available in "the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." Plaintiff cannot avoid the Ninth Circuit law conclusively establishing the Court's jurisdiction, let alone establish that the Court in *Dean I* "lacked even an arguable basis for jurisdiction."

The Court should deny Plaintiffs' motion to remand and for reconsideration for the same reasons the Court denied the identical motions in *Dean I*. This Court and the Ninth Circuit have expended significant time and effort analyzing and rejecting Plaintiffs' claims. Plaintiffs therefore should not have brought their renewed lawsuit at all. But since Plaintiffs persist, the Court should reject Plaintiffs' legally invalid attempt to undo this Court's orders and re-litigate them in a different forum.

## II.     FACTUAL BACKGROUND

This case is the latest chapter in Plaintiffs' long-running effort to extract settlement payments from Kaiser. It arose in 2021, when Plaintiffs purported to sell Kaiser's patients' sensitive medical information on a website that impersonated an official website of Kaiser.

### A.     The Agreements Between Kaiser and Plaintiffs

Between 2008 and 2010, Kaiser contracted with Plaintiffs to scan and store Kaiser's patients' medical records. *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-cv-278, 2022 WL 18938253, at *1 (C.D. Cal. Nov. 22, 2022). After Kaiser turned over thousands of patient records to Plaintiffs, the parties' relationship soured. *Id*. In 2011, the parties reached a settlement agreement, under which Plaintiffs agreed to keep the patient information in the records confidential as required by Health

-2-

Insurance Portability and Accountability Act ("HIPAA") and other law.  *Id.*; *see also*
45 C.F.R. § 164.504(e)(2)(ii)(J) (requiring business associates to "return or destroy all
protected health information" once a business associate agreement terminates).

### B.    The 2012 Action Over Medical Data

In 2012, Kaiser brought an action against Plaintiffs alleging Plaintiffs retained
Kaiser's patients' medical information in violation of the agreements the parties
entered into before reaching the settlement agreement.  *Dean*, No. 5:22-cv-278, 2022
WL 18938253, at *1.  The court rendered summary judgment for Plaintiffs,
concluding "[t]here [was] no triable issue of fact that the parties settled all disputes
arising out of the subject agreements" given the settlement agreement.  *Id.*  In other
words, the 2011 settlement agreement superseded the earlier agreements under which
Kaiser sued Plaintiffs.  *Id.*

After Kaiser filed the 2012 action, Plaintiffs swore under penalty of perjury that
they were not "preserving any data whatsoever that has anything to do with any
Kaiser patient in any form whatsoever."  Dkt. 1-1, Compl., Exh. 3 at 22:20–27, 24:4–
23, 30:24–31:11.  The judge in the 2012 action therefore rebuffed Kaiser's concerns
that Plaintiffs retained any patient records, emphasizing to Kaiser that perjury "is a
felony in the state of California," and Plaintiffs "are running a substantial and
significant risk" if their representations proved to be untrue.  *Id.* at 30:24–31:11.

### C.    Plaintiffs' Websites

Despite their sworn testimony that they had no patient data and the "substantial
and significant risk" predicted by the judge if this turned out to be untrue, in 2021,
Plaintiffs launched a website on the domain name <kphealthconnectusa.com> where
they advertised access to Kaiser's patients' medical data.  *Dean*, No. 5:22-cv-278,
2022 WL 18938253, at *2.  Plaintiffs' domain name and website used Kaiser's
trademarks.  *Id.*  Kaiser therefore sent Plaintiffs a cease and desist letter informing
Plaintiffs that their use of Kaiser's trademarks violated federal trademark law and
demanding that Plaintiffs stop using them.  Case No. 5:22-cv-278-MCS-KK, Dkt. No.

-3-

22, ¶ 20 & Exh. D (March 8, 2022) (Kaiser's Counterclaim); Case No. 5:22-cv-278-
MCS-KK, Dkt. No. 26, ¶ 20 (March 15, 2022) (Plaintiffs' Answer to Kaiser's
Counterclaim).

Kaiser also challenged the domain under the Uniform Domain-Name Dispute-
Resolution Policy ("UDRP") established by the Internet Corporation for Assigned
Names and Numbers ("ICANN"). *Dean*, No. 5:22-cv-278, 2022 WL 18938253, at
*2. The UDRP panel ruled in Kaiser's favor, ordering that the
<kphealthconnectusa.com> domain name be transferred to Kaiser. *Id.* Plaintiffs then
launched a second website under the domain name <patientslist.org> with the same
infringing content. *Id.*

**D.    Plaintiffs' Theories in *Dean I***

After the UDRP panel issued its decision for Kaiser, Plaintiffs sued Kaiser in
*Dean I* for (1) breach of contract, (2) declaratory relief, (3) permanent injunction, and
(4) interference with prospective business advantage. *Dean v. Kaiser Found. Health
Plan, Inc*., 562 F. Supp. 3d 928, 932 (C.D. Cal. 2022). Kaiser brought counterclaims
for, among other things, federal trademark infringement based on Plaintiffs'
<patientslist.org> website. Case No. 5:22-cv-278-MCS-KK, Dkt. No. 22, ¶¶ 26–33.

Plaintiffs' complaint in *Dean I* asserted that there was "an actual controversy"
over their "right to use the KAISER name and logo," and sought declaratory relief in
the form of a "declaration of this Court" regarding their "right to use the KAISER
name, the KP initials, or the KAISER logo in [their] business." Case No. 5:22-cv-
278-MCS-KK, Dkt. No. 1-1, ¶¶ 27, 31, 34 (Feb. 14, 2022); *see also Dean*, 562 F.
Supp. 3d at 932.

In support of their arguments in *Dean I*, Plaintiffs claimed that: (1) Plaintiffs
had the right to use Kaiser's trademarks because the 2011 settlement agreement
between the parties did not expressly preclude them from using the trademarks; and
(2) the 2011 settlement agreement released any claim by Kaiser against Plaintiffs
relating to use of Kaiser's trademarks. Case No. 5:22-cv-278-MCS-KK, Dkt. No. 1-

1, ¶¶ 12, 15, 18, 19, 22, 26–28 & Exh. 1.  Plaintiffs claimed that the 2012 action construed the settlement agreement's release broadly, therefore precluding Kaiser's defenses and counterclaims in *Dean I*.  *Id*. ¶¶ 15, 20, 37, 45.

### E.    Denial of Remand in *Dean I*

Kaiser removed *Dean I* to federal court and Plaintiffs immediately challenged the Court's jurisdiction.  Case No. 5:22-cv-278-MCS-KK, Dkt. No. 17 at 5–6 (March 8, 2022).  Having dismissed all of their causes of action other than declaratory relief (*see infra*), Plaintiffs contended that declaratory relief was an insufficient basis for federal jurisdiction.  *Id.* (citing *Stock W., Inc. v. Confederated Tribes of Colville Rsrv.*, 873 F.2d 1221 (9th Cir. 1989)).  The Court rejected this argument.  *Dean*, 562 F. Supp. 3d at 931–32.  The Court explained that while the Declaratory Judgment Act *alone* is an insufficient basis for jurisdiction, Kaiser did not invoke the Court's jurisdiction on declaratory relief alone.  *Id.*  Instead, Kaiser "submitted that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 *because the claim for declaratory relief depends on substantial questions of federal cybersquatting and trademark law*."  *Id.* (emphasis added).  The Court concurred, explaining "The Court agrees with Defendants: the declaratory relief Plaintiffs seek would require an adjudication of the parties' rights under federal law. (E.g., Compl. ¶ 34 (requesting a declaration that Plaintiffs have the right to use Defendants' trademarks).) The Court has jurisdiction to decide a claim for declaratory relief arising under federal law independent of the Declaratory Judgment Act."  *Id.*

### F.    Brief Summary of the Court's Rulings in *Dean I*

As discussed in Kaiser's pending motions to dismiss, strike, and to declare Plaintiffs vexatious litigants, the Court in *Dean I* rejected all of the arguments that Plaintiffs present in support of its claims here.  Kaiser discusses the Court's rulings in *Dean I* here as necessary to address the arguments Plaintiffs make in their motion to remand and for reconsideration.

***Anti-SLAPP ruling***:  In response to Plaintiffs' complaint in *Dean I*, Kaiser brought a motion to strike under California's anti-SLAPP statute based on Plaintiffs' breach of contract and interference causes of action.  *Dean*, 562 F. Supp. 3d at 931, 932, 934.  Plaintiffs tried to avoid the motion by dismissing several of its causes of action, but the Court rejected this maneuver.  *Id.* at 932 ("[I]f a plaintiff could avoid attorney fees by simply dismissing shortly before the court heard the motion, the plaintiff would have accomplished all the wrongdoing that triggers the defendant's eligibility for attorney's fees, but the defendant would be cheated of redress." (internal quotation marks omitted)).  Plaintiffs also argued in response to the anti-SLAPP motion that "their claim for declaratory relief concerning the effect of the ICANN arbitration has no bearing on [Kaiser's] right of speech or petition."  *Id.*  The Court rejected this argument as irrelevant to the anti-SLAPP motion: "[T]he claim for declaratory relief is not the subject of the motion to strike—the withdrawn breach and interference claims are. . . .  The withdrawn state law claims rest squarely on Defendants' maintenance of the UDRP action."  *Id.*  The Court granted Kaiser's anti-SLAPP motion.  *Id.*

***Rulings regarding effect of 2011 settlement and 2012 case***:  As they do in their motion to remand and for reconsideration, Plaintiffs repeatedly argued in *Dean I* that the 2011 settlement agreement and the ensuing 2012 action conferred Plaintiffs the right to use Kaiser's trademarks.  *Dean*, No. 5:22-cv-278, 2022 WL 18938253, at *3.  The Court rejected these arguments as "incorrect both as a conclusion of law and as a matter of logic" and explained that Plaintiffs "urge an interpretation of the settlement agreement to which it is not reasonably susceptible."  *Id.* at *3, *4.  The Court also rejected the argument that the 2012 action had any bearing on *Dean I*.  *Id.* at *8.  Plaintiffs refused to respond to discovery related to damages based on the argument that "the 2011 settlement agreement . . . released all claims including the trademark claims at issue in the instant litigation."  *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-cv-278-MCS-KK, 2023 WL 3551811, at *4 (C.D. Cal. Mar. 14,

-6-

2023).  The Court again dismissed this argument, explaining that the Court had "already rejected" it.  *Id.*  Kaiser then brought summary judgment on its damages, and Plaintiffs again opposed the motion based on the same arguments, which the Court again dismissed as "long-rejected," emphasizing that their release theory had been "held meritless throughout this litigation."  *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-cv-278-MCS-KK, 2023 WL 8261408, at *3 (C.D. Cal. May 31, 2023).

### G.    Plaintiffs' Motions for Reconsideration in *Dean I*

After the Court issued a judgment in Kaiser's favor in *Dean I* and the Ninth Circuit dismissed Plaintiffs' appeal as "frivolous," Plaintiffs sued Kaiser again in *Dean II*.  *Dean v. Kaiser Found. Health Plan, Inc.*, No. 23-55580, 2024 WL 2828826 (9th Cir. Apr. 1, 2024); Case No. 5:24-cv-1277-MCS-JPR, Dkt. No. 1-2 (June 18, 2024).  In *Dean II*, Plaintiffs asserted only a cause of action for breach of contract; unlike *Dean I*, Plaintiffs' complaint in *Dean II* did not seek declaratory relief.  *Id.*  Thus, while Kaiser initially removed the case to federal court, it subsequently consented to remand.  Case No. 5:24-cv-1277-MCS-JPR, Dkt. No. 25 (Aug. 6, 2024).[1]

Failing to recognize the differences between *Dean I* and *Dean II*, Plaintiffs misconstrued Kaiser's consent to remand in *Dean II* as impacting the Court's jurisdiction in *Dean I* and challenged the Court's rulings in *Dean I* on this ground.  Case No. 5:24-cv-1277-MCS-JPR, Dkt. No. 26 (Aug. 13, 2024).  The Court construed Plaintiffs' motion as relief from the judgment in *Dean I* under Federal Rule of Civil Procedure 60(b)(4) and denied the motion.  *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-cv-278-MCS-KK, 2024 WL 5439274, at *1 (C.D. Cal. Aug. 16, 2024).  The Court explained that "[i]n *Dean I*, the Court reasoned that it had original federal-question jurisdiction over Plaintiffs' claim for declaratory relief, which arose under

---

[1] Plaintiffs dismissed *Dean II* without prejudice after remand.  Declaration of Jack Burns ("Burns Decl."), ¶ 4.

SMRH:4898-1629-0169.2

federal cybersquatting and trademark law. . . . *The Court stands by that analysis*." *Id.* (emphasis added).

Then, two months later, Plaintiffs again moved for reconsideration in *Dean I* under Rule 60(b).  Case No. 5:22-cv-278-MCS-KK, Dkt. No. 128 (Oct. 11, 2024). The Court immediately denied this motion for reconsideration, explaining that the motion was untimely, failed to satisfy the standard for reconsideration, and presented arguments that "lacked merit."  *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:22-cv-278-MCS-KK, 2024 WL 5439273, at *1 (C.D. Cal. Oct. 15, 2024).

### H.    Plaintiffs' Filing of *Dean III*

Two months after the Court denied Plaintiffs' second motion for reconsideration of *Dean I*, Plaintiffs filed yet another lawsuit against Kaiser ("*Dean III*").  Case No. 5:24-cv-2742-KK-SP, Dkt. No. 1 (Dec. 27, 2024).  Plaintiffs' complaint in *Dean III* was disorganized and in many instances incomprehensible.  *Id.* Before Plaintiffs served Kaiser and before Kaiser appeared in the case, the Court sua sponte dismissed *Dean III*.  Case No. 5:24-cv-2742-KK-SP, Dkt. No. 12 (Jan. 9, 2025); Burns Decl. ¶ 5.  The Court construed the complaint in *Dean III* as "an attempt to vacate the judgments in Plaintiffs' previous cases in this Court" and concluded that "Plaintiffs fail[ed] to meet their burden of establishing the Court has jurisdiction." Case No. 5:24-cv-2742-KK-SP, Dkt. No. 12 (Jan. 9, 2025).  Plaintiffs represented to Kaiser that they would seek reconsideration of the Court's dismissal of *Dean III*, but never did so.  Burns Decl. ¶ 5; Exh. B.

## III.    LEGAL ARGUMENT

### A.    Plaintiffs' Motion for Remand Fails

#### 1.    Plaintiffs Misstate the Pertinent Jurisdictional Test

Removal is proper for any action in which the district court would have had original jurisdiction.  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1338(a), a district court has original jurisdiction of an action "arising under any Act of Congress relating to . . . trademarks."  Generally, federal question jurisdiction turns on the face of the

plaintiff's well-pleaded complaint. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10 (1983). The inquiry is different, however, when determining whether the Court has jurisdiction over a claim for declaratory relief.

Critical to jurisdiction here, when a declaratory judgment action "seeks in essence to assert a defense" to an impending or threatened action, courts also apply the well-pleaded complaint rule to the impending or threatened action. *Atay v. Cty. of Maui*, 842 F.3d 688, 697–98 (9th Cir. 2016). In other words, "the character of the threatened action" is used to determine whether there is federal-question jurisdiction. *Id*. at 698; *accord Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014). In applying this analysis, courts "reposition the parties in a declaratory relief action by asking whether [the court] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy." *Standard Ins. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 11 (1983) ("Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question").

In *Medtronic*, for example, the Supreme Court confirmed federal jurisdiction in a declaratory judgment case involving patents. 571 U.S. at 197. Under 28 U.S.C. § 1338, patents—like trademarks—are subject to federal jurisdiction. Similar to Plaintiffs here, Medtronic sought to establish through its declaratory judgment suit that its planned use did not constitute infringement. *Medtronic*, 571 U.S. at 197. The Court explained that if Medtronic were to act on its belief that it was not engaged in infringement, the defendant could bring a federal action for patent infringement. *Id.* Consequently, the Court explained, there was federal jurisdiction because Medtronic's "declaratory judgment action, which avoids that threatened action, also 'arises under' federal patent law." *Id.* at 198.

-9-

Under controlling Ninth Circuit law, the same standard applies to removed actions.  In *Atay v. County of Maui*, as here, the plaintiffs filed a declaratory relief action in state court to resolve questions surrounding an action's legality under federal law.  842 F.3d at 695–96.  The defendants removed to federal court, which denied the plaintiffs' motion to remand.  *Id*. at 695.  While there were "no federal claims present on the face of" the plaintiffs' complaint in *Atay*, the district court explained that this did not matter because "*the inquiry is focused on the nature of a well-pleaded complaint that the declaratory judgment defendant could bring*."  *Atay v. Cnty. of Maui*, No. 14-cv-582, 2015 WL 998792, at *4 (D. Haw. Mar. 5, 2015) (emphasis added).  The plaintiffs then challenged the district court's denial of the motion to remand in the Ninth Circuit, which affirmed and confirmed that the case was properly removed.  *Atay*, 842 F.3d at 697–98 ("In these circumstances, it is the character of the [threatened federal action] action, in which questions of federal preemption are front and center, that determines whether there is federal question jurisdiction.  Therefore, the district court did not err in denying [the plaintiffs'] motion to remand."); *see also Get Fit Fast Supplements LLC v. Nature's Health Connection, Inc*., No. 21-cv-81987, 2021 WL 10257112, at *2 (S.D. Fla. Dec. 10, 2021) (denying motion to remand where declaratory relief sought was in essence a defense to the removing defendant's asserted right "to enforce its trademark rights under the Lanham Act" and therefore "the Court ha[d] subject matter jurisdiction over the declaratory-relief claim").

The Court has jurisdiction under *Atay*.  Here, just as in *Atay*, the declaratory relief sought by Plaintiffs is essentially a defense to a trademark action by Kaiser.  This is clear from the face of the complaint, which states that Plaintiffs seek a declaration that they can use Kaiser's trademarks without violating the federal Lanham Act.  Dkt. 1-1, ¶ 40.  Kaiser's federal counterclaims in *Dean I* confirm the nature of the complaint Kaiser would bring if Plaintiffs were to again act on their claim that they can use Kaiser's trademarks.  At bottom, Plaintiffs seek a declaration that would relieve them from an action by Kaiser to assert rights under federal

-10-

1  trademark law.  Thus, *Atay* is controlling and confirms that removal is appropriate.

2  842 F.3d at 697–98.

3  ## 2. Plaintiffs' Attempts to Avoid *Atay* Fail

4  Plaintiffs raise three arguments to escape *Atay*.  All lack merit.  Plaintiffs first

5  try to distinguish *Atay* because "[d]eclaratory relief is a remedy and not a cause of

6  action."  Mot. at 2 (citing *Dean v. Kaiser Found. Health Plan, Inc*., 562 F. Supp. 3d

7  928, 934–35 (C.D. Cal. 2022) and *Lopez v. Wells Fargo Bank, N.A*., 727 F. App'x 425

8  (9th Cir. 2018)).  This argument conflates the Court's *jurisdiction over* Plaintiffs' case

9  with the *merits of* Plaintiffs' case.  *Lopez* held that the Declaratory Judgment Act

10 *alone* is an insufficient basis for jurisdiction.  In *Dean I*, the Court dismissed

11 Plaintiffs' claims on the merits: it held that Plaintiffs' withdrawn breach of contract

12 and interference causes of action were insufficiently pleaded and held that Plaintiffs'

13 declaratory relief cause of action failed because Plaintiffs had no "underlying claim

14 for which a declaratory remedy may be granted."  *Dean v. Kaiser Found. Health*

15 *Plan, Inc*., 562 F. Supp. 3d 928, 934–35 (C.D. Cal. 2022).  That Plaintiffs' complaint

16 in *Dean I* failed on the merits has no bearing on the Court's jurisdiction in *Dean I* and

17 here.  Indeed, the same order in *Dean I* confirmed the Court's jurisdiction because

18 "[t]he Court has jurisdiction to decide a claim for declaratory relief arising under

19 federal law independent of the Declaratory Judgment Act."  *Id.* at 932.  Plaintiffs'

20 argument simply cannot be squared with *Medtronic*, *Atay*, and the other cases

21 discussed above setting forth when a declaratory relief cause of action confers

22 jurisdiction.

23 Plaintiffs next try to distinguish *Atay* "because the plaintiff in Atay did not

24 dismiss with prejudice after summary judgment was rendered."  Mot. at 2.  Plaintiffs

25 appear to contend that because Kaiser did not amend its complaint in the 2012 action,

26 this Court lacks jurisdiction over any subsequent disputes between the parties.  This

27 argument is nonsensical.  Plaintiffs cite no law to support this argument because none

28 exists.  Nothing about the 2012 action would change the controlling decision in *Atay*

-11-

establishing the Court's jurisdiction here.  Indeed, the 2012 case is unrelated to this dispute.  As the Court succinctly explained when it rejected a similar argument in its order denying Plaintiffs' second motion for reconsideration, the allegations in *Dean I* "did not involve a judgment on the same cause of action or an adjudication of an identical issue litigated in the [2012 action] state-court proceeding between the parties from nearly a decade earlier."  *Dean*, No. 5:22-cv-278, 2024 WL 5439273, at *1.  The 2012 action did not even involve the 2011 settlement agreement but different agreements that predated the 2011 settlement agreement.  *Dean v. Kaiser Found. Health Plan, Inc*., No. 5:22-cv-278-MCS-KK, 2022 WL 18938253, at *8 (C.D. Cal. Nov. 22, 2022).

Plaintiffs also reference the Court's discussion in *Dean I* about which causes of action were the subject of Kaiser's motion to strike.  Mot. at 2.  Plaintiffs appear to misunderstand the Court's discussion, which related to which causes of action trigger California's anti-SLAPP law.  *Vivian v. Labrucherie*, 214 Cal. App. 4th 267, 273 (2013) (breach of contract subject to anti-SLAPP challenge); *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 816 (1994) (same for interference).  This also has nothing to do with the Court's jurisdiction and does not change the Ninth Circuit's controlling decision in *Atay*.

### 3.  Plaintiffs' Failure to Establish Jurisdiction in *Dean III* Does Not Support Their Arguments

In *Dean III*, the Court construed Plaintiffs' complaint as "an attempt to vacate the judgments in Plaintiffs' previous cases in this Court" and concluded that "Plaintiffs fail[ed] to meet their burden of establishing the Court has jurisdiction."  Case No. 5:24-cv-2742-KK-SP, Dkt. No. 12 (Jan. 9, 2025).  The Court's conclusion is understandable:  Plaintiffs' disorganized complaint included lengthy excursions into irrelevant material and is in many instances incomprehensible.  Case No. 5:24-cv-2742-KK-SP, Dkt. No. 1 (Dec. 17, 2024).  Plaintiffs did not in a clear fashion supply the Court with the background information necessary to show that the well-pleaded

-12-

1   complaint that Kaiser could bring would arise out of federal law.  *Id.*  Nor did
2   Plaintiffs cite the legal authority establishing the Court's jurisdiction.  *Id.*

3   Simply put, the party asserting federal jurisdiction has the burden of
4   establishing jurisdiction, and Plaintiffs failed to carry their burden in *Dean III*.  *Me.*
5   *Cmty. Health Options v. Albertsons Cos., Inc*., 993 F.3d 720, 723 (9th Cir. 2021).
6   The Court could not "conjure up questions not squarely presented" by Plaintiffs'
7   submissions.  *Inland Concrete Enters., Inc. v. Kraft*, 318 F.R.D. 383, 422 (C.D. Cal.
8   2016).  Nor could the Court "argue [Plaintiffs'] case" or "create a case for the[m]."
9   *Id.*  Plaintiffs "failed to include or cite to any relevant factual allegations, legal
10  theories, or authorities" and "the Court [could] not supply such for [them]."  *Id.*
11  Kaiser also could not save Plaintiffs' failure to establish jurisdiction.  Plaintiffs never
12  served Kaiser in *Dean III* and Kaiser did not appear in the case, depriving Kaiser of
13  the opportunity to address the Court's jurisdiction.  Burns Decl. ¶ 5.  Plaintiffs
14  represented to Kaiser that they would seek reconsideration of the Court's dismissal of
15  *Dean III*, but never did so.  *Id*. ¶ 5; Exh. B.

16  Thus, Plaintiffs' failure to establish jurisdiction in *Dean III* does not impact the
17  Court's jurisdiction.  Unlike Plaintiffs in *Dean III*, Kaiser's submissions here supply
18  facts and law establishing the Court's jurisdiction.  *Atay* controls jurisdiction here, not
19  *Dean III*.  Furthermore, nothing about *Dean III* called into question the Court's ruling
20  that in *Dean I* that it had jurisdiction as a result of Plaintiffs' declaratory relief cause
21  of action.  On the contrary, the Court construed *Dean III* as an attempt to vacate *Dean*
22  *I* and rejected the attempt.  Case No. 5:24-cv-2742-KK-SP, Dkt. No. 12 (Jan. 9,
23  2025).  *Dean III* also did not purport to negate the Ninth Circuit's decision in *Atay*,
24  which confirms the Court's jurisdiction here.  *Id*.

**B.**   **Plaintiffs' Motion for Reconsideration Fails**

**1.**   **The Court Properly Exercised Jurisdiction Over *Dean I***

27  The arguments above that support the Court's jurisdiction over this matter also
28  confirm the Court's jurisdiction over *Dean I*.  The Court was therefore correct when it

-13-

held in *Dean I* that it had jurisdiction because Plaintiffs' "claim for declaratory relief depends on substantial questions of federal cybersquatting and trademark law." *Dean*, 562 F. Supp. 3d at 931–32. The Court was correct when it stood by its analysis in rejecting Plaintiffs' first motion for reconsideration of the ruling on jurisdiction. *Dean*, No. 5:22-cv-278, 2024 WL 5439274, at *1. And the Court was correct when it rejected Plaintiffs' second motion for reconsideration based on the same grounds. *Dean*, No. 5:22-cv-278, 2024 WL 5439273, at *1. Plaintiffs' third motion for reconsideration of the Court's rulings in *Dean I* fails for this reason alone.

### 2.  Kaiser's Counterclaims Also Conferred Jurisdiction In *Dean I*

"In this circuit, we recognize that a District Court generally may adjudicate a counterclaim having an independent basis for federal jurisdiction despite the dismissal of plaintiff's action for lack of subject matter jurisdiction." *Cripps v. Life Ins. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (internal quotation marks omitted). In *Cripps*, the Ninth Circuit held that the district court lacked jurisdiction over the plaintiff's ERISA-based claims. *Id.* at 1264–67. That conclusion, however, did not end the jurisdictional inquiry on appeal because the case also involved cross-claims and counterclaims that raised federal issues. *Id.* at 1266–67. The Court held that the district court therefore retained jurisdiction over the case based on the federal counterclaims. *Id.* at 1267. Kaiser's federal counterclaims in *Dean I*, including its claim for trademark infringement, arose under federal law. 28 U.S.C. § 1338(a). Thus, under the Ninth Circuit's decision in *Cripps*, even aside from *Atay* and the Court's correct conclusion that Plaintiffs' declaratory relief cause of action conferred federal jurisdiction over *Dean I*, the Court also had independent jurisdiction over *Dean I* based on Kaiser's counterclaims. This is yet another reason why Plaintiffs have no basis to challenge the Court's orders and judgment enjoining Plaintiffs from using Kaiser's trademarks.

### 3.      Plaintiffs Ignore Rule 60(b)(4)'s Stringent Burden

Plaintiffs' motion for reconsideration of *Dean I* fails under any standard because the Court clearly had jurisdiction over *Dean I* based on *Atay*.  The stringent standard for granting reconsideration under Rule 60(b)(4)—the provision under which Plaintiffs bring their motion—shows just how far Plaintiffs miss the mark.

Rule 60(b)(4) authorizes the court to relieve a party from a final judgment if "the judgment is void."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).  A motion under Rule 60(b)(4) does not replace a timely appeal and a judgment is not void "simply because it is or may have been erroneous."  *Id.*  Instead, Rule 60(b)(4) relief is reserved "only for the exceptional case in which the court that rendered judgment lacked even an '*arguable basis*' for jurisdiction."  *Id.* at 271 (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).  "'[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . *only rare instances of a clear usurpation of power will render a judgment void*.'"  *Espinosa*, 559 U.S. at 271 (quoting *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990)) (emphasis added).

*Nemaizer*—which the Supreme Court's *Espinosa* decision quoted for the "arguable basis" standard—is illustrative.  There, the district court errantly exercised jurisdiction over an action removed to federal court on ERISA preemption grounds.  *Nemaizer*, 793 F.2d at 64.  Yet, that did not render the Court's judgment in the case void or warrant Rule 60(b)(4) relief because a mere error of law was insufficient.  The Court emphasized that case law allowing an attack of a judgment under Rule 60(b)(4) "always involve[d] a clear usurpation of power by a district court, and not an error of law in determining whether it has jurisdiction," *Id*. at 65.  The Court therefore held that Rule 60(b)(4) relief is appropriate only when "there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction."  *Id.*  Because caselaw supported the application of ERISA preemption in some cases, the Court held that the district court could have reasonably (albeit errantly) found a

-15-

1  basis for jurisdiction.  *Id.*  The exercise of jurisdiction was therefore immune from
2  challenge under Rule 60(b)(4).  *Id.*

3       *Nemaizer* and *Espinosa* demonstrate how frivolous Plaintiffs' serial motions for
4  reconsideration are.  Kaiser respectfully submits that *Atay* is binding Ninth Circuit
5  precedent that compelled the Court's exercise of jurisdiction in *Dean I*.  But even if
6  Plaintiffs were to disagree with the plain holding of *Atay* or that it constitutes binding
7  precedent, they could not credibly contend that the Court lacked at least an "arguable
8  basis" for its exercise of jurisdiction in *Dean I* such that the Court could be accused of
9  engaging in "a clear usurpation of power."  *Id.*; *Espinosa*, 559 U.S. at 271.  The Court
10  quoted the "arguable basis" standard and cited *Espinosa* in its order denying
11  Plaintiffs' first motion for reconsideration.  *Dean*, No. 5:22-cv-278, 2024 WL
12  5439274, at *1.  Plaintiffs do not address the standard because they have no basis to
13  satisfy it.

14  **IV.    CONCLUSION**

15       This Court has spent years considering and rejecting the very arguments
16  Plaintiffs again raise in their latest lawsuit.  Plaintiffs should not have filed this case at
17  all.  The Court's rulings in *Dean I* conclusively reject the arguments Plaintiffs try to
18  relitigate here.  But given the Court's jurisdiction and its familiarity with the issues,
19  the law establishing the Court's jurisdiction, and for purposes of judicial economy,
20  Kaiser respectfully requests that the Court deny Plaintiffs' motion.

21                                        Respectfully submitted,
                                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
22

23  Dated:  November 17, 2025          By  */s/ John Burns*
24                                          Jill Pietrini
                                            Paul Bost
25                                          John Burns
                                            Attorneys for Defendants
26                                          Kaiser Foundation Health Plan, Inc. and
                                            Kaiser Foundation Hospitals
27

28

# CERTIFICATE OF COMPLIANCE

I, John Burns, counsel of record for Defendants Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals, certify that this brief contains 5,206 words, which complies with the word limit of Local Rule 11-6.1.

Dated: November 17, 2025

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
            s/ John Burns
            JOHN BURNS
            JILL PIETRINI
            PAUL BOST
        Attorneys for Defendants
Kaiser Foundation Health Plan, Inc. and Kaiser
        Foundation Hospitals

-17-

SMRH:4898-1629-0169.2