Stephan C. Dean and Liza Dean
37187 Bankside Drive #2
Cathedral City, CA 92234
323-314-9692
surefile@msn.com

```
FILED
CLERK, U.S. DISTRICT COURT
11/17/2025
CENTRAL DISTRICT OF CALIFORNIA
BY     asi     DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN and LIZA DEAN, individually known and DBA SUREFILE FILING SYSTEMS,<br><br>    Plaintiff(s),<br><br>  vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and Does 1-50 Inclusive,<br><br>    Defendant(s). | Case No. 5: 25-cv-02938-MCS-DTBx<br>Hon. Mark C Scarsi<br><br>Plaintiffs Stephan C Dean and Liza D Dean DBA Surefile Filing Systems Opposition to Kaiser Foundation Health Plan and Kaiser Foundation Hospitals Inc Motion to (1) Dismiss (2) to strike under Cal 425.16 and attorney fees (3) Declaring the Deans vexatious litigants<br><br>**[Filed concurrently with Declaration of Stephan C Dean and Liza D Dean DBA Surefile Filing Systems]**<br><br>**Hearing**<br>**Date: December 8, 2025**<br>**Time: 9:00 AM**<br>**Court Room 7 C** |

**FACTUAL BACKGROUND**

Kaiser in its Response to the Deans Motion to remand and motion to reconsider have filed motions of its own to dismiss and a slapp motion under California 425.16 and seeking attorney fees as well as the court rule the plaintiffs are vexatious litigants. The parties in this case are now litigating the same issue(s) in the current matter before this Court for the fourth time and, over the course of fifteen years. The documents and verbiage before this Court are too voluminous to recount. Suffice it to say that since this action began in 2012 in state court and was decided in Deans' favor in 2013 by way of summary judgement and defendants' dismissal with prejudice all prove that what has followed in the federal courts was unnecessary and **void.** *(emphasis added)*

In the initial state litigation between these parties, Kaiser sued the Deans in an action for Breach of Contract arising from agreements which are superseded by the party's settlement agreement entered on March 24, 2011. Kaiser conceded in their state complaint that the settlement agreement had resolved all outstanding issues between the parties. The state courts final uncontested order states the agreement resolved all outstanding state disputes between the parties. The agreement contains language from California Civil Code Section 1542 and Kaiser stated that the parties had resolved all future claims each might have against the other whether "***known or unknown***". *(emphasis added)*

Two facts are salient. First, the breach of the settlement agreement (contract) is a state matter and Kaiser cannot expand the state issues after dismissing them with prejudice a decade later in federal court guised as a removal. This court has and would be circumventing the states final order from 2013 and does not have jurisdiction. Second, Kaiser knew of this claim when it entered the agreement in 2011. See Declaration of Thomas Stefanelli attached and incorporated into the complaint. Defendant could have used Atay as a basis for removal and made these arguments a decade ago by means of amending their complaint and removing the case, it is too late. Claim and issue preclusion apply after defendant dismissed with prejudice in 2013. This principle bars the defendant in the case at bar from litigating claims or issues that could have been litigated in the previous action.

This matter is before this Court because Kaiser seeks to amend the settlement as it were to include language prohibiting the Deans' use of its name/logo; a claim it knowingly released by signing and paying the Deans in 2011. It did this previously through an Order issued by this Court. That order is Void as the Court lacked jurisdiction then, even as it does now.

## II.
## THIS MATTER IS SIMPLY AN ISSUE OF CONTRACT LAW AND SHOULD BE REMANDED TO THE STATE COURT

Kaiser is attempting to move this matter to Federal Court based on a remedy the Deans seek in a state Contract action, to wit: Declaratory Relief. Declaratory Relief is not a proper basis for this Court to assume Jurisdiction because it legally cannot. As the Ninth Circuit Court of Appeals stated in the case of (See Lopez v. Wells Fargo Bank, N.A., 727 F. App'x 425, 426 (9th Cir. 2018)("[T]he district court properly dismissed Lopez's request for declaratory relief because Lopez had no claim upon which to request relief or remedies.") It is state law, which the state court has already ruled on and ***not a remedy,*** that would give this Court oversight. Kaiser has dismissed with prejudice all state claims

and has no surviving state claims on which to request relief from a federal court. This simple fact is true now and it was when this Court issued an injunction against the Deans and fined the Deans based on a SLAPP motion made by Kaiser. As part of their Motion to Remand this matter to the State Court Plaintiff Deans would now ask this Court to Quash its prior Injunction and fines insofar as they are void for lack of subject matter jurisdiction**.**   This court in Dean 2 stated that under rule 60 this court on its own or at any time render a matter void. Deans also ask this Court to find Kaiser's Motions to dismiss, to strike under Cal 425.16 and declaring the Deans vexatious litigants frivolous and award the Deans monies for the extra time and effort they have had to expend in defending same. Simply put, remanding this matter to the State Court renders Kaiser's motions moot.

### III

### CONCLUSION

   The Deans respectfully ask this court that Dean 1 be rendered void and that all injunctions and all attorney fees be quashed along with anything taxed. The Deans also respectfully request that the case at bar be remanded and thus render Kaisers motions frivolous and award the Deans monies to defend these frivolous motions.



Stephan C. Dean
Liza D. Dean
DBA Surefile Filing Systems
11-17-2025