UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:25-cv-02938-MCS-DTB | Date November 18, 2025 |
| Title *Dean v. Kaiser Found. Health Plan, Inc.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND AND MOTION FOR RECONSIDERATION (ECF NO. 17); ORDER TERMINATING PENDING MOTIONS PURSUANT TO REMAND (ECF NOS. 6, 14–15) (JS-6)

Plaintiffs Stephan Dean and Liza Dean, individually and doing business as SureFile Filing Systems, initiated this breach of contract action against Defendants Kaiser Foundation Health Plan, Inc., and Kaiser Foundation Hospitals in the Riverside County Superior Court. (Compl., ECF No. 1-1.) Defendants removed the action to this court, invoking federal-question jurisdiction. (Notice of Removal, ECF No. 1.) Plaintiffs then filed a consolidated motion to remand the action back to state court and to reconsider the Court's prior rulings in a related case, (Mot., ECF No. 17), which Defendants opposed, (Opp'n, ECF No. 24). The Court deems the motions appropriate for resolution without further briefing or oral argument. Fed R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.   MOTION TO REMAND

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court

if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law. *Id.* § 1331.

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* If a defendant fails to meet its burden to establish subject-matter jurisdiction, the action must be remanded. 28 U.S.C. § 1447(c).

Here, Plaintiffs assert two causes of action: breach of contract and declaratory relief, both arising out of allegations that Defendants breached a settlement agreement. (Compl. ¶¶ 39–40.) According to Plaintiffs, Defendants breached the underlying settlement agreement by continuing to limit Plaintiffs' ability to use certain trademarks, despite having released any such claims in the settlement agreement. (*Id.* ¶ 39.) Plaintiffs further seek a declaration that that the settlement agreement and accompanying release "resolved all outstanding issues between the parties" including any claims arising under the Lanham Act, 15 U.S.C. § 1051 et seq. (*Id.* ¶ 40.) Because a settlement agreement is a contract under California law, *see Monster Energy Co. v. Schechter*, 7 Cal. 5th 781, 789 (2019), Plaintiffs' claims appear to arise under state law rather than federal, *see* Order on Request to Proceed In Forma Pauperis, *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:24-cv-02742-KK-SP ("*Dean III*") (C.D. Cal. Jan. 9, 2025), ECF No. 12 (dismissing substantially similar breach-of-contract and declaratory relief claims for lack of subject-matter jurisdiction).

Defendants maintain, however, that Plaintiffs' complaint creates what is in effect "a trademark and cybersquatting dispute" arising under or raising substantial questions of federal law. (Notice of Removal ¶¶ 19–24.) But, as this Court has held before, "references to Defendants' trademarks and trademark issues do not necessarily transmogrify" Plaintiffs' state law claims into federal claims under the Lanham Act or Anticybersquatting Consumer Protection Act. Order to Show Cause 2, *Dean v. Kaiser Found. Health Plan, Inc.*, No. 5:24-cv-01277-MCS-JPR ("*Dean II*") (C.D. Cal. July 23, 2024), ECF No. 23. In evaluating federal-question jurisdiction, federal courts follow "the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he

or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Under these principles, federal jurisdiction extends

> only to those cases in which a well-pleaded complaint establishes either that [1] federal . . . law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal . . . law, in that [federal] law is a necessary element of one of the well-pleaded claims.

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988). In order to satisfy *Christianson*'s second prong, the removing defendant must show that "resolution of a federal . . . law question is essential to each of the alternative theories in support of any one of the" complaint's causes of action. *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996).

As discussed above, Plaintiffs' breach of contract and declaratory relief claims are creatures of state law, so *Christianson*'s first prong does not apply. Defendants, moreover, have not shown that the complaint satisfies the second prong. Resolution of Plaintiffs' breach of contract and declaratory relief claims will turn on standard issues of contract interpretation, such as the meaning of the contractual language and evidence of the parties' intent. Just because the subject of the underlying settlement agreement relates in part to federally recognized trademarks does not mean that a court will need to resolve questions of federal trademark or anticybersquatting law to adjudicate Plaintiffs' claims. Plaintiffs' claims do not depend on whether the Lanham Act or Anticybersquatting Consumer Protection Act apply as a matter of law. Instead, Plaintiffs appear to argue that Defendants voluntarily relinquished any potential federal claims in the underlying settlement agreement, so Defendants' refusal to allow Plaintiffs to use certain marks constitutes a breach of the settlement agreement. Even if Defendants have a plausible federal claim against Plaintiffs, that fact would be immaterial if they relinquished that claim via contract.

Defendants urge the Court to follow the Ninth Circuit's holding in *Atay v. County of Maui*, 842 F.3d 688 (2016), and exercise federal-question jurisdiction over Plaintiffs' declaratory relief claim. (*See, e.g.*, Opp'n 10–11; Notice of Removal ¶ 5.) In *Atay*, a circuit panel held that a declaratory judgment action was properly removed to federal court because "questions of federal preemption [were] front and center." *Id.* at 698. The court noted that when a declaratory judgment complaint "seeks in essence to assert a defense to an impending or threatened state court action, it is the

character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." *Id.* at 697–98 (internal quotation marks omitted). Because the *Atay* plaintiff filed the declaratory judgment action "due to the threat of imminent and inevitable litigation regarding" whether an ordinance was preempted by federal law, the declaratory judgment complaint essentially operated as a defense to an impending federal preemption lawsuit and was thus removable. *Id.* at 698 (internal quotation marks omitted). The instant case, however, is distinguishable from *Atay*. There is no indication that Defendants have threatened Plaintiffs with "imminent or inevitable" litigation such that the instant complaint should be construed as a preemptive effort to assert a defense to an impending federal claim. Questions of contract interpretation, not of the applicability of federal laws, "are front and center" in Plaintiffs' complaint. Defendants have therefore not met their heavy burden to show that the Court can exercise federal-question jurisdiction over what appears to be a declaratory relief claim based in state law.

The motion to remand is granted.

## II.  MOTION FOR RECONSIDERATION

Plaintiffs also ask the Court to "reconsider its rulings" in an earlier case between the parties, *Dean v. Kaiser Found. Health Plan, Inc.*, No. 2:22-cv-00278-MCS-KK ("*Dean I*"), and "render the entire case void for lack of subject matter jurisdiction." (Mot. ¶ 9.)[1] The Court does not have jurisdiction over this action and cannot consider the motion as filed in this case. Liberally interpreting Plaintiffs' request as a motion for relief from the judgment in *Dean I*, however, the motion is denied. A judgment may be set aside as void for lack of jurisdiction. Fed. R. Civ. P. 60(b)(4); *see Dietz v. Bouldin*, 794 F.3d 1093, 1096 (9th Cir. 2015). Additionally, a district court may consider subject-matter jurisdiction issues "on its own initiative, at any stage in the litigation, even after . . . the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). In *Dean I*, the Court reasoned that it had original federal-question jurisdiction over Plaintiffs' claim for declaratory relief, which arose under federal cybersquatting and trademark law. Order Re: Mot. to Dismiss & Mot. to Strike 3, *Dean I* (C.D. Cal. Mar. 29, 2022), ECF No. 31. The Court stands by this analysis. Because the Court had an "arguable basis for jurisdiction," relief under

---

[1] The Court previously considered and rejected Plaintiffs' substantially similar arguments for reconsideration in a previous case. *See* Remand Order, *Dean II* (C.D. Cal. Aug. 16, 2024), ECF No. 27.

Rule 60(b)(4) is not warranted. *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (internal quotation marks omitted).

The Court notes that its conclusion that it lacks subject-matter jurisdiction over the instant action is not inconsistent with its decision in *Dean I*. In *Dean I*, the Court determined that it had original federal-question jurisdiction over Plaintiffs' claim for a judicial "declaration that Plaintiffs have the right to use Defendants' trademarks," a claim that "would require an adjudication of the parties' rights under federal law." Order Re: Mot. to Dismiss & Mot. to Strike 3, *Dean I*. Conversely, Plaintiffs here request a declaration that "the settlement and release agreement resolved all outstanding issues between the parties including" any Lanham Act claims. (Compl. ¶ 40.) Because the declaratory relief Plaintiffs request here relates to the meaning and scope of a contract between the parties, it is different from the requested declaratory relief in *Dean I*, which sought to define the parties' rights under federal law.

The motion for reconsideration is denied.[2]

### III. CONCLUSION

The motion to remand is granted, and the motion for reconsideration is denied. All other pending motions are denied without prejudice to renewal in the state court, subject to the state court's rules governing motion practice. The Court remands the case to the Riverside County Superior Court, Case No. CVPS2507250. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**

---

[2] Given that this Order pertains in part to relief sought in *Dean I*, the Court orders the Clerk to cross-file the Deans' Motion to Remand and Reconsider (ECF No. 17), Defendants' Opposition (ECF No. 24), and this Order in *Dean I*.